FLOUR BLUFF INDEPENDENT
SCHOOL DISTRICT

v.

Margaret BASS.

No. 01–1106.

Supreme Court of Texas.

Feb. 27, 2004.

Sandra Sterba–Boatwright, Donnell & Abernethy, Corpus Christi, for petitioner.

Randy Mack, Law Office of Randy Mack, Corpus Christi, for respondent.

PER CURIAM.

Margaret Bass filed a workers compensation claim after slipping and injuring her back while employed with Flour Bluff Independent School District (Flour Bluff).

The Texas Association of School Boards (TASB) denied Bass's claim for compensation. Bass appealed the denial, and the Texas Workers' Compensation Commission Appeals Panel (Panel) denied the benefits in a decision filed October 6, 1997.

On November 14, 1997, with one day remaining on the statute of limitations, Bass filed a judicial petition for review of the Panel's decision and named TASB as the only defendant. *See* TEX. LAB. CODE 410.252(a) (requiring that an appeal from a decision by the Panel be made within 40 days of filing the decision). TASB, however, was a third party administrator of workers compensation benefits and therefore not the proper defendant. Flour Bluff itself carried Bass's workers' compensation benefits, and therefore Bass should have sued Flour Bluff instead.

Accordingly, in its answer to Bass's petition, TASB expressly stated that it was not Bass's workers' compensation carrier and that Bass had failed to name and join the necessary party—Flour Bluff. Two weeks after TASB's answer was filed and over a year after the statute of limitations had expired, Bass amended her original pleading and named Flour Bluff as a defendant. Bass then waited more than a year to serve Flour Bluff with process.

TASB moved for summary judgment on the grounds that it was not a proper party to the lawsuit. Flour Bluff moved for summary judgment on two alternative grounds: 1) that the statute of limitations had expired because Bass failed to timely file suit against Flour Bluff; or 2) that Bass failed to use due diligence in serving Flour Bluff with process. The trial court granted both TASB's and Flour Bluff's summary judgment motions. The court found it did not have jurisdiction over TASB and that the statute of limitations had run on the claims against Flour Bluff.

The court of appeals affirmed the summary judgment in TASB's favor, but reversed the summary judgment as to Flour Bluff, holding that a fact issue existed as to whether the statute of limitations tolled the claims against Flour Bluff when Bass mistakenly named TASB as defendant. 55 S.W.3d 735, 740. Therefore, the court of appeals reversed the trial court's summary judgment ruling for Flour Bluff without reaching the due diligence issue.

According to the court of appeals, mis-identification tolls the statute of limitations in a workers' compensation appeal under Texas Labor Code section 410.252 if the appealing party establishes that the proper defendant was cognizant of the facts of the lawsuit and was not misled or placed at a disadvantage by the appealing party's pleading error. 55 S.W.3d at 737. We disagree.

The statute of limitations will be tolled in mis-identification cases if there are two separate, but related, entities that use a similar trade name and the correct entity had notice of the suit and was not misled or disadvantaged by the mistake. *Chilkewitz v. Hyson*, 22 S.W.3d 825, 830 (Tex.1999). Here, TASB and Flour Bluff were two distinct parties that did not operate under a similar trade name. Bass therefore was required to sue Flour Bluff within the limitations period and serve Flour Bluff with process within a reasonable time thereafter. Accordingly, pursuant to Rule 59.1 of the Texas Rules of Appellate Procedure, without hearing oral argument, the Court grants Flour Bluff's petition for review, reverses the court of appeals' judgment, and renders judgment that Bass take nothing.