In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00057-CV
______________________________


CHRISTINA LOPEZ, Appellant
 
V.
 
BRENDA GUADALUPE AYALA AND MARIA AYALA, Appellees


                                              

On Appeal from the 51st Judicial District Court
Tom Green County, Texas
Trial Court No. A-04-1144-C


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Christina Lopez appeals from a summary judgment taken against her in her
personal injury lawsuit against Brenda Guadalupe Ayala and Maria Ayala. The judgment
was based on the Ayalas' contention they were sued outside the applicable statute of
limitations. The trial court agreed.
          The accident from which the suit arose occurred April 24, 2001. Lopez filed suit
against Farmers Texas County Mutual Insurance Company (and not against the insureds)
on the last day of the limitations period, April 24, 2003.


 On January 22, 2004, Lopez filed
a motion for leave to join additional parties, the Ayalas. On February 6, 2004, the court
granted Lopez' motion for leave and dismissed Farmers from the suit. Thereafter, on
February 9, 2004, Lopez filed her first amended petition, naming the Ayalas as defendants. 
This was over nine months after limitations had expired. 
          Ultimately, the Ayalas filed a motion for summary judgment in which they alleged
that limitations had run. The court granted that motion January 31, 2005.
          When reviewing a summary judgment, we take as true all evidence favorable to the
nonmovant and indulge every reasonable inference and resolve any doubts in the
nonmovant's favor. Limestone Prods. Distribution, Inc. v. McNamara, 71 S.W.3d 308, 311
(Tex. 2002); Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999). On appeal,
the movant must show that there is no material fact issue and that the movant is entitled
to judgment as a matter of law. Limestone Prods. Distribution, Inc., 71 S.W.3d at 311;
Rhone-Poulenc, Inc., 997 S.W.2d at 223.
          Lopez contends the court erred by granting summary judgment because the concept
of misidentification saves the late filing. She contends this is merely a pleading error
because it names the insurance company instead of the insured as defendant. She
contends this is a case of misidentification where the wrong legal entity was sued. The
Texas Supreme Court has recently addressed the application of this theory. The court has
held that:
The statute of limitations will be tolled in mis-identification cases if
there are two separate, but related, entities that use a similar trade name
and the correct entity had notice of the suit and was not misled or
disadvantaged by the mistake. 

Flour Bluff Indep. Sch. Dist. v. Bass, 133 S.W.3d 272, 274 (Tex. 2004); Chilkewitz v.
Hyson, 22 S.W.3d 825, 830 (Tex. 1999).
          In this case, the theory is inapplicable on its face. The two entities are not related,
and they do not use a similar trade name. Compare Cont'l S. Lines, Inc. v. Hilland, 528
S.W.2d 828, 831 (Tex. 1975). Thus, we need not reach the second portion of Lopez'
argument: that the equitable exception to service should apply because of the business
relationship between Ayala and the insurer.
          Lopez also suggests that, because the trial court allowed her to join the Ayalas as
parties, they are properly in the lawsuit and limitations does not apply. That contention,
however, is not explained. It is apparently based also on her position that misidentification
justifies the joinder. For the reasons stated, this argument also fails. 
          Lopez also contends the trial court erred by failing to consider the summary
judgment evidence in the light most favorable to the nonmovant. In this contention, she
argues the trial court failed to consider her evidence of a business relationship between
the Ayalas and the insurer, suggesting this would provide proof that would allow application
of the law of misidentification. As set out above, misidentification does not apply in this
case, and the existence of a business relationship between the parties would not affect the
controlling question of whether they were "separate, but related, entities that use a similar
trade name." The contention of error is overruled.
          We affirm the judgment.
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      August 9, 2005
Date Decided:         September 8, 2005