NO. 07-07-0288-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 28, 2009
______________________________

STATE OFFICE OF RISK MANAGEMENT, APPELLANT

V.

RACHEL HERRERA, VICTORIA DANIELLE HERRERA, 
MATTHEW RYEN HERRERA, KELCEY MERCEDES 
DENA HERRERA, CARE’N DESTINY HERRERA, BENEFICIARIES
OF JOSE HERRERA, DECEASED, AND TEXAS MUNICIPAL
LEAGUE INTERGOVERNMENTAL RISK POOL, APPELLEES
_________________________________

FROM THE 287TH DISTRICT COURT OF PARMER COUNTY;

NO. 9122; HONORABLE GORDON H. GREEN, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
OPINION
          In this workers’ compensation case, the State Office of Risk Management (SORM)



appeals the trial court’s dismissal of its suit for judicial review of an appeals panel decision
finding it responsible for payment of death benefits to the statutory beneficiaries of Friona,
Texas police officer Jose Herrera. We will affirm.
Background
          On April 14, 2003, while handling paperwork at the Friona police station after
completion of his shift, officer Herrera heard a call for assistance from the Parmer County
Sheriff’s Office. He responded. Outside the city limits of Friona his vehicle was hit by that
of a fleeing suspect. Herrera sustained fatal injuries. 
          SORM did not dispute entitlement of Herrera’s statutory beneficiaries to receive
workers’ compensation death benefits but denied liability for payment of the claim. It
contended Herrera acted at the time of his death within the course and scope of
employment for the City of Friona (the City) and not the State. The hearing officer
assigned by the Texas Workers’ Compensation Commission (TWCC)


 to resolve the
matter found Herrera was acting in the service of the State at the time of death. SORM
challenged the determination through the TWCC appeals panel. 
          When the appeals panel did not issue a written opinion, thus making the opinion of
the hearing officer final, SORM filed the underlying lawsuit on September 27, 2004. 
Named as defendants were Rachel Herrera, widow of officer Herrera, and the Texas
Municipal League Intergovernmental Risk Pool (TML Risk Pool). Although the City was not
named in the suit, attached as an exhibit to SORM’s petition was the hearing examiner’s
finding of fact that the City was a self-insured insurance carrier. About a month after
SORM filed suit the City answered, asserting it was a self-insurer of workers’ compensation
claims. TML Risk Pool then answered, alleging the City was the proper defendant. SORM
did not file an amended petition naming the City as a defendant. Some sixty-five days after
the decision of the appeals panel became reviewable by the district court, SORM filed an
amended petition adding as defendants the minor children of Herrera, his parents Robert
and Elva Herrera, and his brother Manuel Herrera.


 Through this pleading, SORM sought
declarations that TML Risk Pool, and not SORM, was responsible for payment of death
benefits. 
          SORM’s original petition was filed within forty days of the filing date of the decision
of the appeals panel. The City, TML Risk Pool, and the Herrera defendants filed a plea
to the trial court’s jurisdiction arguing SORM should have filed suit within thirty days


 rather
than forty days


 and the trial court thus lacked subject matter jurisdiction. The trial court
agreed and dismissed the case. SORM appealed to this court.


 Finding the case
presented a question of compensability, thus implicating the forty-day period of section
410.252(a), we reversed and remanded the case.
          Following remand, the City and TML Risk Pool again sought dismissal alleging the
City and not TML Risk Pool was the proper insurance carrier in the case and since the City
was not sued within forty days of the date the order of the TWCC appeals panel was filed,
the trial court lacked subject matter jurisdiction. In a separate motion, Rachel Herrera and
the Herrera children argued that because the trial court lacked jurisdiction over the City, no
justiciable claim existed against the individual defendants. The trial court granted both
motions to dismiss and awarded attorney’s fees in favor of the Herrera defendants. SORM
appealed.
Issues
          SORM presents five issues on appeal. It argues the trial court erred by: (1)
dismissing the City and TML Risk Pool; (2) sustaining Rachel Herrera’s plea to the
jurisdiction; (3) granting Robert, Elva, and Manuel attorney’s fees; (4) denying SORM’s
motion for sanctions; and (5) granting Rachel Herrera attorney’s fees.
 
 
Discussion
          In its first issue, SORM contends the trial court erred by dismissing the City and TML
Risk Pool. We review de novo the grant of a motion to dismiss for want of subject matter
jurisdiction. Lacy v. Bassett, 132 S.W.3d 119, 122 (Tex.App.–Houston [14th Dist.] 2004,
no pet.) (citing Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000)). 
          It is undisputed that the City and SORM were the two insurance carriers in the case,
that the judicial relief SORM sought was a declaration determining liability between the two
carriers for the Herrera death claim, and the City was not joined or did not appear in the
litigation until after the passage of the forty-day period of Labor Code section 410.252(a).


 
SORM argues the forty-day period was tolled when it sued TML Risk Pool instead of the
City because the City was cognizant of the facts placed in issue by the suit and was not
misled or disadvantaged in obtaining relevant evidence to defend the suit. It supports this
theory with Continental Southern Lines Inc. v. Hilland. 528 S.W.2d 828 (Tex. 1975). 
          The plaintiff in Hilland was injured while leaving a bus marked “Continental
Trailways.” Within the applicable limitations period, she sued Continental Trailways, Inc.,
a separate and distinct legal entity from the actual owner of the bus, Continental Southern
Lines, Inc. More than two years after the accident, the plaintiff amended her petition
naming Continental Southern a defendant. Continental Southern asserted the action was
barred by the two-year stature of limitations. Id. at 829. The Supreme Court found the two
bus companies made a conscious effort to publically appear they were “Continental
Trailways” and this confusion kept the plaintiff from naming the correct party. The court
determined in the interest of justice the plaintiff “should be given . . . an opportunity to prove
that the Continental Southern Lines, Inc., was cognizant of the facts, was not misled, or
placed at a disadvantage in obtaining relevant evidence to defend the suit.” Id. at 831. 
          We find Hilland inapposite to the case at bar. Rather, the instant matter is akin to
Flour Bluff Independent School District v. Bass, a workers’ compensation case. 133 S.W.3d
272 (Tex. 2004) (per curiam). Bass, an employee of Flour Bluff Independent School
District, sought judicial review of an adverse appeals panel decision through a suit filed with
one day remaining of the forty-day limitations period of section 410.252(a). Bass named
as sole defendant the Texas Association of School Boards (TASB), the third-party
administrator of workers’ compensation benefits for Flour Bluff. The proper defendant was
Flour Bluff, who Bass joined in an amended pleading filed outside the limitations period. 
The trial court granted Flour Bluff’s motion for summary judgment on the ground of
limitations. 133 S.W.3d at 273. The court of appeals reversed, finding a fact issue on
whether limitations were tolled against Flour Bluff when Bass mistakenly named TASB the
defendant in her original petition. The court of appeals reasoned a limitations period is
tolled in a misidentification case if the plaintiff proves the correct defendant was cognizant
of the facts placed in issue by the suit and was not mislead or placed at a disadvantage by
the claimant’s pleading omission. Id. at 274. Disagreeing, the Supreme Court held in a
misidentification case, limitations are tolled “if there are two separate, but related entities
that use a similar trade name and the correct entity had notice of the suit and was not
misled or disadvantaged by the mistake.” In rendering judgment that Bass take nothing, the
court found Flour Bluff and TASB were two distinct parties that did not operate under a
similar trade name. Id. Thus, Bass was required to sue Flour Bluff within the forty-day
limitations period. Id.
          The City and TML Risk Pool, an administrative agency, are separate entities, but
they are not related entities that operate or carry on their respective functions under a
similar trade name. See Tex. Mun. League v. Tex. Workers’ Comp. Comm’n, 74 S.W.3d
377, 379 (Tex. 2002); Tex. Mun. League Intergovernmental Risk Pool v. Burns, 209 S.W.3d
806, 813 (Tex.App.–Fort Worth 2006, no pet.) (describing Texas Municipal League Risk
Pool). We find the forty-day time period of section 410.252(a) was not tolled when SORM
sued TML Risk Pool but not the City. 
          Because the City was not sued within the statutory forty-day period, we find the trial
court did not err in dismissing the City and TML Risk Pool. We overrule SORM’s first issue.
          In its second issue, SORM argues the trial court erred by granting Rachel Herrera’s
plea to the jurisdiction. SORM does not challenge the trial court’s judgment dismissing the
Herrera children. We have found the City was not timely sued and its dismissal on
limitations grounds proper. But SORM named Rachel Herrera and TML Risk Pool in its
timely filed original petition. After finding the City was not timely sued, the trial court
dismissed the entire case finding it lacked jurisdiction to proceed in the absence of the City. 
          We thus consider whether the City was an indispensable party in whose absence the
suit could not proceed. Rule of Civil Procedure 39 provides a pragmatic rather than
mechanical approach to dealing with a defect in parties. See Cox v. Johnson, 638 S.W.2d
867, 868 (Tex. 1982) (per curiam) (citing Cooper v. Tex. Gulf Indus., Inc., 513 S.W.2d 200,
203 (Tex. 1974)); see Tex. R. Civ. P. 39. Applying the rule, a trial court determines whether
in equity and good conscience the action may proceed or should be dismissed as the
absent person is indispensable. Tex. R. Civ. P. 39(b). To reach this determination it, inter
alia, considers the adequacy of a judgment reached in the absence of a person. Id. Under
modern rules it is a rare case that requires dismissal in the absence of a person. See Cox,
638 S.W.2d at 868. Yet the underlying case presented such a situation. See April Sound
Mgmt. Corp. v. Concerned Prop. Owners for April Sound, Inc., 153 S.W.3d 519, 526
(Tex.App.–Amarillo 2004, no pet.) (in declaratory judgment action failure to join affected
property owners); Gilmer Indep. Sch. Dist. v. Dorfman, 156 S.W.3d 586, 588-89
(Tex.App.–Tyler 2003, no pet.) (in property owner’s suit to have two chapters of Education
Code declared unconstitutional commissioner of education was indispensable party whose
absence required dismissal of underlying suit). The merits issue SORM presented for
adjudication by its live petition was liability, as between two insurance carriers, for payment
of the Herrera death claim. As noted, the insurance carriers were SORM and the City. TML
Risk Pool is not an insurance carrier. In the absence of the City, therefore, the issue raised
by SORM’s petition could not be joined. The trial court did not err in dismissing the
remainder of the case in the absence of the City. We overrule the second issue of SORM.
          In its third issue, SORM argues the trial court erred by granting the supplemental
motion to enforce attorney’s fees of officer Herrera’s parents, Robert and Elva Herrera, and
his brother, Manuel Herrera. In its live petition, SORM added those three individuals as
defendants along with the four minor children of officer Herrera. Rachel Herrera was sued
under SORM’s original petition. SORM made no challenge of payment of death benefits
to Rachel Herrera and the Herrera children.
          In a supplemental motion for attorney’s fees, Robert, Elva, and Manuel Herrera
sought an award of attorney’s fees for defending a cause of action brought against them
by a state agency that was frivolous, unreasonable or without foundation. See Tex. Civ.
Prac. & Rem. Code Ann. Ch. 105 (Vernon 2005). On hearing the motion, the trial court
awarded them attorney’s fees of $13,000.50 with an additional $10,000 award for appeal
to the court of appeals and a like amount for review by the Supreme Court of Texas. SORM
contends it possessed a good faith foundation for joining all possible death beneficiaries. 
          We review the trial court’s decision to award attorney’s fees under Chapter 105 for
abuse of discretion. Attorney General of the State of Texas v. Johnson, 791 S.W.2d 200,
203 (Tex.App.–Fort Worth 1990, no writ).
          The priority for payment of benefits on the death of an employee is established by
section 408.182. In pertinent part, the statute provides benefits are payable one-half to an
eligible spouse of the deceased employee and one-half, divided in equal shares, to eligible
children of the employee. Section 408.182(a). An eligible child of a deceased employee
is, inter alia, a minor and an eligible spouse is the surviving spouse of the deceased
employee. Section 408.182(f)(1)(A)&(3). SORM never alleged Rachel Herrera and the
Herrera children were not “eligible” as defined by section 408.182. When the decedent is
survived by an eligible spouse and an eligible child, the parents and siblings of the decedent
are not entitled to a distribution of statutory death benefits. 
          Civil Practice & Remedies Code section 105.002 provides:
A party to a civil suit in a court of this state brought by or against a state
agency in which the agency asserts a cause of action against the party, either
originally or as a counterclaim or cross claim, is entitled to recover, in addition
to all other costs allowed by law or rule, fees, expenses, and reasonable
attorney's fees incurred by the party in defending the agency's action if:

(1) the court finds that the action is frivolous, unreasonable, or without
foundation; and

(2) the action is dismissed or judgment is awarded to the party.
 
Tex. Civ. Prac. & Rem. Code Ann. § 105.002 (Vernon 2005). SORM non-suited its claims
against Robert, Elva, and Manuel Herrera.


 The issue on appeal is whether the suit against
those defendants was frivolous, unreasonable, or without foundation according to section
105.002.
          By its live pleading SORM sought a declaration of the carrier liable for payment of
death benefits. It nevertheless sued Rachel Herrera and the Herrera children while
expressly acknowledging in the petition that the children were minors. Based on SORM’s
pleaded legal theory and party allegations, we see no arguable basis for suing Robert, Elva,
and Manuel Herrera at the time it joined these defendants to the suit. See Johnson, 791
S.W.2d at 203 (claim subject to sanction of Chapter 105 when totality of evidence failed to
demonstrate an arguable basis). 
          SORM complains that the order on supplemental motion for attorney’s fees includes
attorney’s fees incurred by Robert, Elva, and Manuel Herrera in Herrera I and because
these defendants did not there prevail they are not entitled to corresponding appellate
attorney’s fees. The foundation of this argument is the requirement of section 408.221(c)
that a claimant prevail on an issue on which the carrier sought judicial review. But the
movants also based their supplemental motion to enforce attorney’s fees on Civil Practice
& Remedies Code section 105 which does not condition recovery on the movant
“prevailing.” 
          We conclude that trial court did not abuse its discretion in awarding Robert, Elva, and
Manuel Herrera attorney’s fees. SORM’s third issue is overruled. 
          By its fourth issue, SORM argues the trial court erred by denying its motion for
sanctions. Through five orders of May 19, 2005, the trial court awarded the Herrera
defendants attorney’s fees for representation during the period November 18, 2004 through
April 13, 2005, as well as appellate attorney’s fees conditioned on success at each
appellate level of Herrera I. Following remand, SORM filed a notice of non-suit of Robert,
Elva, and Manuel Herrera. These three defendants then filed a motion to enforce the
attorney’s fees awarded them through the May 19 orders. SORM responded in part with
a motion seeking sanctions against the attorney for Robert, Elva, and Manuel Herrera. As
the basis for its request, SORM asserted language in this court’s opinion in Herrera I
rendered the May 19 orders on attorney’s fees “null and void.” Following a hearing, the trial
court denied the motion for sanctions. The Herrera defendants then filed the supplemental
motion for attorney’s fees, noted above, which resulted in an award to them of $13,000.50.
          We review a trial court’s decision to grant or deny a motion for sanctions under an
abuse of discretion standard. Herring v. Welborn, 27 S.W.3d 132, 143 (Tex.App.–San
Antonio 2000, pet. denied). In order for a party seeking sanctions to prevail, there must be
little or no basis for claims, no grounds for legal arguments, misrepresentation of law or
facts, or legal action that is sought in bad faith. Id. A trial court abuses its discretion in
imposing or denying sanctions only if it bases its order on an erroneous view of the law or
a clearly erroneous assessment of the evidence. Monroe v. Grider, 884 S.W.2d 811, 816
(Tex.App.–Dallas 1994, writ denied). 
          In support of this issue, SORM does not discuss and present legal authorities for its
premise that the opinion in Herrerra I rendered the May 19 orders “null and void.” Nor does
it provide a discussion of the bases for sanctions it raised in the trial court and why, under
controlling authorities, the trial court abused its discretion by failing to grant relief. In our
review of the record we nevertheless have examined the theories SORM raised in the trial
court in support of its motion. It broadly alleged the conduct of counsel for the Herrera
defendants warranted sanctions according to “Rule 3 and Rule 8” of the Disciplinary Rules,



the Texas Lawyer’s Creed,


 the Texas Rules of Evidence, the Texas Rules of Civil
Procedure, and Government Code section 82.061.



          In a one-sentence argument supporting this issue, SORM additionally contends the
trial court erred by awarding Robert, Elva and Manuel Herrera attorney’s fees of $5,125 for
defending SORM’s motion for sanctions. The allegation includes no citation to the record
or authority as required by Appellate Rule 38.1. Tex. R. App. P. 38.1(h). Even setting this
procedural shortcoming aside for the sake of argument, the issue lacks merit. Nowhere in
the record does an order appear awarding those defendants attorney’s fees of $5,125. As
discussed above, the trial court did not abuse its discretion by awarding these defendants
attorney’s fees of $13,000.50 on a motion seeking relief under section 105 of the Civil
Practice & Remedies Code. 
          Given the disputed legal question on which SORM predicated its motion for sanctions
and the vague nature of its allegations, we cannot say the trial court abused its discretion
by denying the motion for sanctions. We overrule the fourth issue of SORM.
          By its fifth issue, SORM challenges the trial court’s award of attorney’s fees to Rachel
Herrera. In an order signed June 19, 2007, the trial court awarded Rachel Herrera and the
Herrera children attorney’s fees for work performed from May 24, 2006 through June 19. 
SORM does not challenge the award to the Herrera children. 
          SORM conditions its fifth issue on this court reversing the trial court’s order
sustaining Rachel Herrera’s plea to the jurisdiction. Thus, argues SORM, Rachel Herrera
would then no longer occupy the status of a prevailing party for recovery of attorney’s fees
under section 408.221(c).


 Because we will affirm the trial court’s judgment dismissing the
entire case, Rachel Herrera was a prevailing party and the trial court did not abuse its
discretion by awarding her attorney’s fees through its June 19 order. We overrule SORM’s
fifth issue.
Conclusion
          Having overruled each of SORM’s issues on appeal, we affirm the judgment of the
trial court.
 
                                                                           James T. Campbell
                                                                                     Justice