**AFFIRM; and Opinion Filed February 1, 2019.**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-18-00117-CV

**THE JACOB SEARCH GROUP, LLC, DON JACOB, AND BECKY JACOB, Appellants**
**V.**
**NAVASOTA CHAIR LLC F/K/A ERGOGENESIS LLC, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-03232-2015**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Whitehill
Opinion by Justice Brown

At issue in this appeal is whether appellants' claims, which have a two-year statute of limitations, are time barred. Appellants timely sued the wrong defendant and corrected the mistake more than two years after the injury in question. The trial court granted summary judgment for appellee based on the statute of limitations. Appellants maintain the statute of limitations was tolled because appellee, the proper defendant, had knowledge of the facts forming the basis of the lawsuit during the applicable limitations period and was not misled or disadvantaged. Appellee, on the other hand, argues there was no tolling because it did not have knowledge of the *lawsuit* during the limitations period. We affirm.

The appellants in this case are the Jacob Search Group, LLC, Don Jacob, and Becky Jacob. Don is the CEO of the Jacob Search Group. On August 22, 2013, Don was injured at work when

the back of his chair "snapped off" and he fell. The chair was manufactured by appellee. At the time of the alleged injury, appellee was known as Ergogenesis LLC. On September 30, 2013, it changed its name to Navasota Chair, LLC because it sold its assets, including the Ergogenesis name, to Ergogenesis Workplace Solutions, LLC. On the day the chair broke, Don emailed Ernie Nycz, General Counsel for appellee, to inform him about the incident. A claim was made with appellee's insurance company, the Travelers Group.

On August 13, 2015, appellants sued Ergogenesis Workplace Solutions, alleging it manufactured the chair that caused Don's injuries. In their first amended petition, filed on September 9, 2015, appellants added appellee as a defendant and asserted claims against it for negligence and products liability.[1] In its answer, appellee asserted a limitations defense. Appellants eventually amended their pleadings to drop Ergogenesis Workplace Solutions as a defendant.

Appellee filed a traditional motion for summary judgment on statute of limitations grounds. Appellee asserted it was entitled to judgment as a matter of law because appellants added it as a defendant on September 9, 2015, which was more than two years after Don's alleged injury. It is undisputed appellants' causes of action are governed by a two-year statute of limitations and accrued on the date of the alleged injury, August 22, 2013. *See Ogbolu v. Colgate-Palmolive Co.*, No. 05-06-01480-CV, 2008 WL 171228, at *1 (Tex. App.—Dallas Jan. 22, 2008, no pet.) (mem. op.); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). In response to the motion for summary judgment, appellants argued the doctrine of misidentification tolled the statute of limitations and that material fact issues prevented summary judgment. While appellee's motion was pending, the parties stipulated to certain facts, which appellee included as summary judgment evidence. Among

---

[1] Appellants also sued other defendants, including the manufacturer of a component part, and alleged other causes of action. Those parties and claims are not before us in this appeal.

–2–

other things, the parties stipulated that appellee's "first notice of the lawsuit occurred when it was served with the First Amended Petition." That date was September 23, 2015. The trial court granted summary judgment for appellee.

In a single issue in this appeal, appellants contend the trial court erred in granting appellee's motion for summary judgment. Appellants acknowledge they misidentified the defendant in their original petition. But they argue the statute of limitations was tolled because appellee had knowledge of the facts well before the limitations period expired and had a fair opportunity to defend itself.

We review de novo a trial court's ruling on a motion for summary judgment. *Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 833 (Tex. 2018). A defendant seeking summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense. *Id.* That burden includes conclusively negating any relevant tolling doctrines the plaintiff asserted. *Diaz v. Westphal*, 941 S.W.2d 96, 98 (Tex. 1997).

The primary purpose of a statute of limitations is to compel the exercise of a right within a reasonable time so that the opposite party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds. *Continental S. Lines, Inc. v. Hilland*, 528 S.W.2d 828, 831 (Tex. 1975). In general, misidentification does not toll the statute of limitations. *University of Tex. Sw. Med. Ctr. v. Taylor*, No. 05-17-01221-CV, 2018 WL 3322939, at *3 (Tex. App.—Dallas July 6, 2018, pet. denied) (mem. op.); *see Enserch Corp. v. Parker*, 794 S.W.2d 2, 5 (Tex. 1990). Misidentification arises when two separate legal entities exist and a plaintiff mistakenly sues an entity with a name similar to that of the correct entity. *In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009); *see Chilkewitz v. Hyson*, 22 S.W.3d 825, 828 (Tex. 1999); *McKnight v. Meller*, No. 05-09-00596-CV, 2010 WL 1078364, at *2 (Tex. App.—Dallas Mar. 25, 2010, pet. denied) (mem. op.). The Texas Supreme Court has

noted that the consequences of misidentification are generally harsh. *See Greater Houston*, 295 S.W.3d at 325. There is a narrow exception to the rule that misidentification does not toll the statute of limitations. *See Cortinas v. Wilson*, 851 S.W.2d 324, 327 (Tex. App.—Dallas 1993, no writ). In misidentification cases that involve two separate, but related, entities that use a similar trade name, limitations is tolled if the correct entity had notice of the suit and was not misled or disadvantaged by the mistake. *Flour Bluff Indep. Sch. Dist. v. Bass*, 133 S.W.3d 272, 274 (Tex. 2004); *Taylor*, 2018 WL 3322939, at *3.

Appellants assert they have satisfied the requirements of the exception, or there is at least a fact issue about whether they have. They argue that, under the Texas Supreme Court's 1975 opinion in the *Hilland* case, knowledge of "the facts" is sufficient to toll limitations when the correct defendant had a fair opportunity to defend itself. In *Hilland*, the plaintiff, who was injured on a bus, first sued Continental Trailways, Inc. and more than two years after her injury added Continental Southern Lines, Inc. as a defendant. *Hilland*, 528 S.W.2d at 829. The trial court overruled Continental Southern's assertion of limitations and, after a jury trial, judgment was rendered against it. *Id.* The supreme court recognized there was no proof the two bus companies were the same or jointly owned entities, but noted the companies "have made a conscious effort to make it appear to the public and to their customers that they are 'Continental Trailways.'" *Id.* at 830. The court reversed and remanded for a new trial in the interest of justice. *Id.* In this case, appellants rely on the following language from *Hilland*, "[I]t is our opinion that [plaintiff] should be given, under the circumstances here present, an opportunity to prove that the Continental Southern Lines, Inc. was *cognizant of the facts*, was not misled, or placed at a disadvantage in obtaining relevant evidence to defend the suit." *Id.* at 831 (emphasis added). Appellants argue limitations was tolled because "appellee had notice of the facts forming the basis of Appellants' lawsuit well before limitations expired." To show appellee was cognizant of the facts, appellants

cite the email from Don to appellee's attorney Nycz on the day the chair broke. They also rely on information known to appellee's insurance company, under the theory that Traveler's was appellee's agent. For example, Travelers investigated the reason the chair failed and demanded the manufacturer of a component part indemnify appellee. We note it is undisputed that Travelers did not know about the lawsuit before the limitations period expired.

Appellants also rely on *Enserch Corp. v. Parker*, which contains language similar to *Hilland.* In *Enserch*, the plaintiffs brought suit within the limitations period against Lone Star Gas Company of Texas. *Enserch Corp.*, 794 S.W.2d at 4. The proper defendant, Enserch Corporation d/b/a Lone Star Gas, was added more than two years after the accident. *Id.* Lone Star Gas Company's legal department handled litigation for both Lone Star Gas Company and Enserch. *Id.* at 5. The plaintiffs' lawsuit was assigned to a "senior attorney in the Enserch litigation department who was responsible for litigation involving both corporate entities." *Id.* That attorney knew Enserch, not Lone Star Gas Company, was the correct party. *Id.* at 6. The supreme court stated, "Both Lone Star Gas Company . . . and Enserch Corporation . . . were fully cognizant of the facts of the accident and could not have been misled as to the basis of the suit." *Id.*

More recent Texas Supreme Court cases have stated that "notice of the lawsuit" is required. *See Flour Bluff*, 133 S.W.3d at 27; *Chilkewitz*, 22 S.W.3d at 830. And a recent case out of this Court is dispositive of the issue appellants raise. *See Taylor*, 2018 WL 3322939, at *4. In *University of Texas Southwest Medical Center v. Taylor*, the plaintiffs sued the University of Texas System after part of a surgical instrument was left inside Mr. Taylor during an operation. *Id.* at *1. More than two years after the operation, the plaintiffs amended their petition to name UTSW as a defendant. *Id.* UTSW raised the statute of limitations. As in this case, the plaintiffs argued limitations were tolled under the doctrine of misidentification. *Id.* at *3. The plaintiffs contended UTSW had notice of their claims before suit was filed because they sent UTSW written notice of

a health care liability claim under chapter 74 of the civil practice and remedies code. *Id.* at \*4. Our opinion quotes from the supreme court's opinion in *Flour Bluff*: "The statute of limitations will be tolled in mis-identification cases if there are two separate, but related entities that use a similar trade name and the correct entity had notice of the suit and was not misled or disadvantaged by the mistake." *Id.* at \*3 (quoting *Flour Bluff*, 133 S.W.3d at 274). We concluded that the chapter 74 notice, because it was sent before suit was filed, did not provide "notice of the suit" as required by *Flour Bluff*. *Id.* at \*4. Knowledge of the lawsuit, not knowledge of the underlying facts, is required. Here, it is uncontroverted that appellee did not have notice of the lawsuit until September 23, 2015, a date after the limitations period expired. Accordingly, appellants' misidentification of the proper defendant did not toll the statute of limitations.

In one sentence in their brief, without citation to the record or authority, appellants argue that even if we decide appellee had to have notice of the lawsuit within the limitations period, there is a fact issue about whether appellee "knew of the underlying lawsuit in time to avoid being misled or disadvantaged." Appellants do not argue there is a fact issue about whether appellee knew of the lawsuit within two years of the injury. Without evidence appellee had knowledge of the suit within the limitations period, whether appellee knew of the suit in time to avoid being misled or disadvantaged is irrelevant. Because appellee conclusively established it did not have knowledge of the lawsuit within two years of the injury, we need not address the other requirements of the doctrine of misrepresentation, namely whether appellee was misled or disadvantaged and whether appellee and Ergogenesis Workplace Solutions were related entities. As a matter of law, appellants' claims against appellee were time barred, and the trial court properly granted summary judgment. We overrule appellants' sole issue.

We affirm the trial court's order granting appellee's motion for summary judgment.

/Ada Brown/
ADA BROWN
JUSTICE

180117F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE JACOB SEARCH GROUP, LLC,
DON JACOB, AND BECKY JACOB,
Appellants

No. 05-18-00117-CV        V.

NAVASOTA CHAIR LLC F/K/A
ERGOGENESIS LLC, Appellee

On Appeal from the 416th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 416-03232-2015.
Opinion delivered by Justice Brown,
Justices Bridges and Whitehill
participating.

In accordance with this Court's opinion of this date, the trial court's order of May 15, 2017 is **AFFIRMED**.

It is **ORDERED** that appellee Navasota Chair LLC F/K/A Ergogenesis LLC recover its costs of this appeal from appellants The Jacob Search Group, LLC, Don Jacob, and Becky Jacob.

Judgment entered this 1st day of February 2019.