

# NUMBER 13-22-00575-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

TEXAS STATE GUARD,                                                      Appellant,

v.

ENEDELIA CRUZ,                                                          Appellee.

On appeal from the 92nd District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Silva and Peña**
**Memorandum Opinion by Justice Peña**

Appellant Texas State Guard (TSG) appeals the trial court's denial of its plea to

the jurisdiction, seeking to dismiss appellee Enedelia Cruz's personal injury suit. In two

issues, TSG argues that the trial court is without jurisdiction because: (1) Cruz did not

comply with the jurisdictional prerequisite of filing suit before the limitations period expired, *see* TEX. GOV'T CODE ANN. § 311.034, and (2) Cruz's claims arise from the activities of the State's military forces, and therefore TSG's sovereign immunity is not waived under the Texas Tort Claims Act (TTCA). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.054. We reverse and render.

## I.    BACKGROUND

Cruz filed suit on December 12, 2018, alleging that Ronnie Lynn Littles, while driving a truck, failed to yield the right of way and collided with Cruz's vehicle. Cruz alleged the accident occurred on July 5, 2017, in McAllen, Texas. Cruz initially sued the Texas Department of Public Safety (DPS), believing it to be the employer of Littles. On February 13, 2019, DPS served its responses to Cruz's requests for disclosures, notifying Cruz that TSG was a potential party to this lawsuit and identifying Littles both as a TSG service member and the driver of the State vehicle involved in the collision. Cruz filed an amended petition naming TSG as a defendant on February 27, 2020. TSG filed an answer, and later, a plea to the jurisdiction.

In its brief in support of its plea to the jurisdiction, TSG argued that its sovereign immunity was not waived under the TTCA because that statute does not apply to "claim[s] arising from the activities of the state military forces when on active duty under the lawful orders of competent authority." *Id.* TSG also maintained that Cruz failed to bring her claim within the statute of limitations—a jurisdictional prerequisite to suit against a governmental entity. *See* TEX. GOV'T CODE ANN. § 311.034.

TSG supported its plea with affidavit testimony, the peace officer's crash report, and written discovery responses. The evidence generally established the following facts.

2

Littles was on active duty, having been ordered by TSG to serve as a part of Operation Border Star. TSG tasked Littles with monitoring and servicing cameras installed in remote locations along the Texas-Mexico border. Joe Cave, the officer in charge of Littles, averred that at the time of the collision, Littles "had been engaged in field work servicing cameras," and he was returning to United States Border Patrol sector headquarters. Littles was operating a vehicle furnished by DPS pursuant to an interagency contract between TSG and DPS.

Cruz filed a response arguing that the TTCA's exclusion for military activities violates the Due Process Clause of the Fourteenth Amendment. *See* U.S. CONST. amend. XIV, § 1. Cruz also argued that her suit was timely because the limitations period was tolled under the doctrines of misnomer and misidentification. Following a hearing, the trial court denied TSG's plea to the jurisdiction. This appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8).

## II. STATUTE OF LIMITATIONS

In its first issue, TSG argues that the trial court lacked subject matter jurisdiction because Cruz failed to sue TSG within the applicable limitations period.

### A. Standard of Review & Applicable Law

"A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction over a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Subject matter jurisdiction is a question of

3

law; therefore, when the determinative facts are undisputed, we review the trial court's ruling on a plea to the jurisdiction de novo. *Id.*

A plaintiff has the burden to affirmatively demonstrate the trial court's jurisdiction. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). That burden encompasses the burden of establishing a waiver of sovereign immunity in suits against the government. *Id.* When assessing a plea to the jurisdiction, our analysis begins with the live pleadings. *Heckman v. Williamson County*, 369 S.W.3d 137, 150 (Tex. 2012). We may also consider evidence submitted to negate the existence of jurisdiction—and we must consider such evidence when necessary to resolve the jurisdictional issue. *Id.*

Section 311.034 of the government code provides that "[s]tatutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." TEX. GOV'T CODE ANN. § 311.034. Accordingly, "a statutory prerequisite to suit, whether administrative (such as filing a charge of discrimination) or procedural (such as timely filing a lawsuit) is jurisdictional when the defendant is a governmental entity." *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 515 (Tex. 2012); *see Tucker v. City of Corpus Christi*, 622 S.W.3d 404, 407 (Tex. App.—Corpus Christi–Edinburg 2020, pet. denied) (holding that a limitations period "is a statutory requirement that must be met before suit is filed" and thus "complying with [the statute of limitations] is a jurisdictional requirement for claims brought against a governmental entity"). Personal injury claims are governed by a two-year statute of limitations. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003.

**B. Analysis**

Cruz's injury occurred on July 5, 2017. Cruz filed suit on December 12, 2018, within the two-year limitations period. However, Cruz initially named DPS as the defendant. Cruz did not file suit against TSG until February 27, 2020, more than seven months after the limitations period expired. Suing the wrong party does not toll the statute of limitations absent application of an equitable doctrine such as misnomer or misidentification. *Enserch Corp. v. Parker*, 794 S.W.2d 2, 4–5 (Tex. 1990). Cruz maintains that both doctrines apply.

Misnomer and misidentification are distinct doctrines. *See Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 594 (Tex. 2017). A "misnomer occurs when a party misnames itself or another party, but the correct parties are involved." *In re Greater Hous. Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (orig. proceeding) (per curiam). If misnomer occurs, then the petition "is nonetheless effective, for limitations purposes, when filed, with any subsequent amendment relating back to the date of the original filing." *Id.* at 326. "Courts are flexible in these cases because the party intended to be sued has been served and put on notice that it is the intended defendant." *Id.* Here, the record establishes that the correct defendant—TSG—was not sued or served until after the limitations period expired; therefore, misnomer does not apply. *See id.*; *see also Univ. of Tex. Sw. Med. Ctr. v. Taylor*, No. 05-17-01221-CV, 2018 WL 3322939, at \*3 (Tex. App.—Dallas July 6, 2018, pet. denied) (mem. op.) (holding that misnomer did not apply and explaining that "[t]he fact that UT System is 'composed of' many 'institutions and entities' including UTSW does not make UT System and UTSW the same entity for purposes of service of process").

The doctrine of misidentification also does not toll the limitations period in this case. "Misidentification—the consequences of which are generally harsh—arises when two separate legal entities exist and a plaintiff mistakenly sues an entity with a name similar to that of the correct entity." *In re Greater Hous. Orthopaedic Specialists, Inc.*, 295 S.W.3d at 325 (citing *Chilkewitz v. Hyson*, 22 S.W.3d 825, 828 (Tex. 1999)). "The statute of limitations will be tolled in mis[]identification cases if there are two separate, but related, entities that use a similar trade name and the correct entity had notice of the suit and was not misled or disadvantaged by the mistake." *Flour Bluff Indep. Sch. Dist. v. Bass*, 133 S.W.3d 272, 274 (Tex. 2004) (per curiam). DPS and TSG have distinct names and perform different functions. *See* TEX. GOV'T CODE ANN. § 411.002 ("[DPS] is an agency of the state to enforce the laws protecting the public safety and provide for the prevention and detection of crime."); *id.* § 437.001(16) ("[TSG] means the volunteer military forces that provide community service and emergency response activities for this state."). Because DPS and TSG do not operate under a similar trade name, the doctrine of misidentification does not apply. *See Flour Bluff Indep. Sch. Dist.*, 133 S.W.3d at 274 (concluding that the misidentification doctrine was not applicable because Flour Bluff Independent School District and the Texas Association of School Boards were two distinct parties that did not operate under a similar trade name); *see also Taylor*, 2018 WL 3322939, at *3 ("In this case, even if UTSW and UT System are related entities, their 'trade names,' University of Texas Southwestern Medical Center and University of Texas System, are not similar.").

We conclude that the jurisdictional record establishes that Cruz did not file suit until after the limitations period expired and that the doctrines of misnomer and

6

misidentification do not apply to toll the limitations period. *See Miranda*, 133 S.W.3d at 226. Because timely filing suit is a jurisdictional prerequisite in suits against a governmental entity, the trial court erred in denying TSG's plea to the jurisdiction. We sustain TSG's first issue. Because this issue is dispositive, we need not address Cruz's second issue. *See* TEX. R. APP. P. 47.1.

### III. CONCLUSION

We reverse the trial court's judgment, and we render judgment dismissing Cruz's suit for want of jurisdiction.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
7th day of December, 2023.