Opinion issued December 4, 2025



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00230-CV

———————————

**REINOL GONZALEZ AND MICHAEL WALLUM, Appellants**

**V.**

**ZACHRY INDUSTRIAL, INC., Appellee**

---

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 121131-CV**

---

## MEMORANDUM OPINION

This is an appeal from a take-nothing summary judgment rendered against Appellants in favor of Zachry Industrial, Inc. ("Zachry Inc.") on statute of limitations grounds. Appellants do not dispute that they sued Zachry Inc. after the statute of limitations expired. Nevertheless, they argue the trial court erred in refusing to apply

the narrow "*Hilland* doctrine" on misidentification to equitably toll limitations. *Cont'l S. Lines, Inc. v. Hilland*, 528 S.W.2d 828 (Tex. 1975).

The *Hilland* misidentification doctrine permits equitable tolling of the statute of limitations when a plaintiff alleging misidentification shows that he or she sued the incorrect entity, there are two separate but related entities that use a similar trade name, the correct entity had notice of the suit, and the correct entity was not misled or disadvantaged by the mistake. *See Chilkewitz v. Hyson*, 22 S.W.3d 825, 828, 830 (Tex. 1999); *Flour Bluff Indep. Sch. Dist. v. Bass*, 133 S.W.3d 272, 274 (Tex. 2004).

But as set forth below, that narrow *Hilland* doctrine does not apply under these circumstances because there was no misidentification here. Because the *Hilland* doctrine does not apply to toll the limitations period, we affirm.

## BACKGROUND

This case arose from a 2018 shuttle bus accident. Appellants were on the bus when the accident occurred and suffered multiple injuries. The bus driver was an employee of Zachry Inc.[1]

---

[1] As Appellants note, the record reflects that the shuttle bus was owned by "C/Z, CB&I Inc. and Zachry Joint Venture."

**A.** **Appellants initially filed multiple lawsuits concerning the accident—including suing Zachry Inc. (the defendant at issue here)—but none of those is the live lawsuit.**

In December 2018, Appellants filed a lawsuit naming Zachry Inc. and other parties as defendants.[2] In that lawsuit, Zachry Inc. responded to Appellants' discovery requests, admitting that the shuttle bus driver was Zachry Inc.'s employee and that he was acting within the scope of his employment at the time of the accident.

In March 2019, Appellants nonsuited that lawsuit, dismissing all of their claims against all defendants. The trial court issued an order acknowledging the nonsuit.

That same month, Appellants filed a petition to intervene in a lawsuit brought by other passengers involved in the accident.[3] *See* TEX. R. CIV. P. 60. In their petition to intervene, Appellants named Zachry Inc. and other parties as defendants. However, Zachry Inc. moved to strike the petition, and the district court granted the motion. *See id.*

---

[2]     The 2018 Brazoria County Action was filed by Appellant Gonzalez on December 10, 2018, Cause No. 100014-CV in the 239th District Court, Brazoria County, Texas. Appellant named the following defendants: (1) Zachry Inc.; (2) CB&I-Zachary Joint Venture; (3) CB&I LLC; and (4) Gabriel Pinillos-Ramirez.

[3]     Appellants sought to intervene in the lawsuit filed by Plaintiffs Luis A Cruz and Oliverio Garcia, filed October 24, 2018, styled *Luis A. Cruz and Oliverio Garcia v. Zachry, LLC et al.*, Cause No. 2018-77430 in the 190th District Court, Harris County, Texas.

Unable to intervene, Appellants filed a new lawsuit in May 2019, again naming Zachry Inc. and other parties as defendants.[4] But in June 2020, Appellants again nonsuited the vast majority of their claims. The trial court ultimately issued an order acknowledging the nonsuit and dismissing the remainder of the case for want of prosecution.[5]

**B.      In the underlying lawsuit, Appellants did not sue Zachry Inc. until after limitations expired.**

On April 6, 2020, Appellants filed the underlying lawsuit in this case. In their original petition in this action, Appellants named only the following four defendants: (1) Zachry, LLC, (2) CB&I-Zachry Joint Venture, (3) CB&I LLC, and (4) Gabriel Pinillos-Ramirez (the bus driver). In this filing—unlike in the lawsuits mentioned above—Appellants did *not* name Zachry Inc. as a defendant.

The parties do not dispute that the statute of limitations expired in October 2020. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a) (statute of limitations for personal-injury claim is two years after date of accrual).

---

[4]      Appellants filed the 2019 Harris County Action on May 31, 2019, Cause No. 2019-37684 in the 129th District Court, Harris County, Texas. Appellants named the following defendants: (1) CB&I-Zachry Joint Venture; (2) Zachry, LLC; (3) Zachry Inc.; (4) CB&I LLC; and (5) Gabriel Pinillos-Ramirez.

[5]      Appellants first nonsuited their claims against all the defendants except Zachry Inc. The district court ultimately dismissed the entire case for want of prosecution.

Litigation proceeded, and on September 1, 2022—almost two years after the statute of limitations had expired—Appellants filed a Second Amended Petition (their live pleading) in which they sought to name Zachry Inc. as a defendant.

Zachry Inc. answered with a general denial and asserted that Appellants' claims against it were barred by the affirmative defense of statute of limitations.

## C.      Summary Judgment Proceedings

Zachry Inc. sought traditional summary judgment, arguing that the statute of limitations had expired on Appellants' claims against it. Appellants responded that they mistakenly omitted Zachry Inc. from their petition; they argued that the *Hilland* doctrine applied to toll the statute of limitations.

The trial court granted Zachry Inc.'s motion for summary judgment. The trial court then severed Appellants' claims against Zachry Inc., and Appellants timely appealed.

## DISCUSSION

It is undisputed that Appellants filed their lawsuit against Zachry Inc. after the statute of limitations expired. Because the narrow *Hilland* doctrine (the only basis for tolling argued by Appellants here) does not apply to toll the limitations period, we affirm.

## A.    Legal Principles

We review a summary judgment ruling on statute of limitations grounds de novo. *See Erikson v. Renda*, 590 S.W.3d 557, 563 (Tex. 2019); TEX. R. CIV. P. 166a(c). A trial court must grant a traditional motion for summary judgment if the summary judgment evidence shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Draughon v. Johnson*, 631 S.W.3d 81, 87 (Tex. 2021).

"[W]e apply a burden shifting standard to review summary judgment issues concerning limitations." *Mathewson v. Anglia Homes, L.P.*, No. 01-23-00874-CV, 2025 WL 2471799, at *4 (Tex. App.—Houston [1st Dist.] Aug. 28, 2025, no pet. h.) (citing *Draughon*, 631 S.W.3d at 88–89). To begin, a "defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense." *Draughon*, 631 S.W.3d. at 88 (quoting *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 593 (Tex. 2017)).

To obtain summary judgment on a limitations defense, the defendant must prove (1) when the cause of action accrued, and (2) that the plaintiff brought its suit later than the applicable number of years thereafter. *Id.* at 89. At this stage, the defense also bears the burden "regarding any issues raised that affect which days count toward the running of limitations." *Id.* at 88; *accord Mathewson*, 2025 WL 2471799, at *4.

As applicable here, the Texas Supreme Court has concluded that, after the defendant establishes its limitations defense, the burden shifts to the plaintiff to raise a fact issue in support of a misidentification equitable tolling argument under *Hilland* and its progeny:

> The narrow doctrine allowing misidentification to defeat limitations . . . [is] equitable in nature, applying if the correct party had notice of the suit and was not misled or disadvantaged by the mistake. . . .   [I]t belongs in this [plaintiff burden] category.

*Draughon*, 631 S.W.3d at 92 n.11 (citations omitted); *see id.* at 92–94.[6]

## B.     The trial court did not err in granting summary judgment to Zachry Inc. based on its limitations defense.

Appellants admit that they made a mistake in omitting Zachry Inc. as a defendant in their original petition in this proceeding. They further concede that they sued Zachry Inc. after the statute of limitations expired. They argue that this should not bar their claims, however, because they say this is a case of misidentification (between Zachry Inc. and Zachry, LLC), and they argue that the statute of limitations should have been equitably tolled under the narrow *Hilland* doctrine. We disagree.

---

[6]     We express no view on the burden categories identified in *Draughon*; we merely follow the statement by the majority of the Texas Supreme Court. Moreover, because the Texas Supreme Court has directly determined that the burden to prove the *Hilland* misidentification equitable tolling doctrine falls on the plaintiff, we do not address the parties' dispute over where the burden should lie. *See Draughon*, 631 S.W.3d at 92 n.11; *see also Gill v. Hill*, 688 S.W.3d 863, 870 (Tex. 2024) ("Ultimately, the distinction *Draughon* draws [between the parties' summary judgment burdens on limitations issues] is between defenses that avoid the statute of limitations entirely and those that toll certain days.").

### 1.    The *Hilland* misidentification equitable tolling doctrine.

"Misidentification—the consequences of which are generally harsh—arises when two separate legal entities exist and a plaintiff mistakenly sues an entity with a name similar to that of the correct entity." *In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (orig. proceeding) (footnote omitted). If "the plaintiff is mistaken as to which of two defendants is the correct one and there is actually existing a corporation with the name of the erroneously named defendant (misidentification), then the plaintiff has sued the wrong party and limitations is *not* tolled." *Enserch Corp. v. Parker*, 794 S.W.2d 2, 5 (Tex. 1990) (emphasis added).[7]

The Texas Supreme Court has carved out a limited equitable exception to the misidentification rule, often referred to as the *Hilland* doctrine.[8] Under this exception, in misidentification cases, limitations may be tolled when a plaintiff shows that he or she sued the incorrect entity, there are two separate but related entities that use a similar trade name, the correct entity had notice of the suit, and the correct entity was not misled or disadvantaged by the mistake. *Chilkewitz*, 22 S.W.3d

---

[7]    Misidentification is distinct from misnomer. "If the plaintiff merely misnames the correct defendant (misnomer), limitations is tolled and a subsequent amendment of the petition relates back to the date of the original petition." *Parker*, 794 S.W.2d at 4–5.  Appellants do not argue misnomer on appeal.

[8]    Texas courts have also referred to the *Hilland* doctrine as the *Hilland* Rule, the *Hilland* exception, the misidentification doctrine, and the misidentification exception.

at 828, 830 (citing *Hilland*, 528 S.W.2d at 831); *see also Bass*, 133 S.W.3d at 274 (same); *In re Greater Houston*, 295 S.W.3d at 325 n.1 (discussing doctrine and citing *Hilland* and *Bass*).

In *Hilland*, the plaintiff was injured getting off a bus marked "Continental Trailways." *Hilland*, 528 S.W.2d at 829. "Continental Trailways" was a trade name used by 26 separate bus corporations. *Id.* The plaintiff initially sued Continental Trailways, Inc. *Id.* But the evidence revealed that Continental Trailways, Inc. never owned equipment, buses or terminals, or transported passengers. *Id.* After the statute of limitations expired, the plaintiff then sued the correct defendant, Continental Southern Lines, Inc. *Id.*

In addressing limitations, the Texas Supreme Court found it "apparent" that the companies "made a conscious effort to make it appear to the public and to their customers that they are 'Continental Trailways.'" *Id.* at 830. The evidence further showed that service of citation had been forwarded to the correct party, and a strong inference could be made that the proper party had prompt notice of the suit and ample time to investigate. *See id.* at 831. On the record before it, the court held that the plaintiff should have been given the opportunity to show that the correct defendant had adequate notice of the lawsuit, and if so, the statute of limitations would not serve to bar the plaintiff's claims. *Id.*

9

## 2. The trial court did not err here.

Absent equitable tolling under the *Hilland* misidentification doctrine, Appellants' claims are time-barred. Again, the narrow *Hilland* doctrine applies "in misidentification cases," where a plaintiff sues an incorrect entity, there are two separate but related entities that use a similar trade name, the correct entity had notice of the suit, and the correct entity was not misled or disadvantaged by the mistake. *See Chilkewitz*, 22 S.W.3d at 830; *Bass*, 133 S.W.3d at 274; *see also Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 593 (Tex. 2017) ("Once the movant establishes that the action is barred, the non-movant must present summary-judgment evidence raising a fact issue on each element of his affirmative defense in avoidance [of limitations].").

Ultimately, Appellants here are arguing for tolling of limitations, grounded in equity, on the basis that they misidentified the correct party.

But the record shows no misidentification; "this is not a misidentification case." *Kilpatrick v. Vasquez*, No. 01-09-00731-CV, 2011 WL 1233468, at *6 (Tex. App.—Houston [1st Dist.] Mar. 31, 2011, no pet.). Rather, the record conclusively shows that Appellants had prior knowledge of Zachry Inc. (as well as Zachry, LLC) before limitations ran. They just omitted Zachry Inc. from their petition.

The Texas Supreme Court has rejected equitable tolling claims similar to the one at issue here when the plaintiff had knowledge of the defendant at issue prior to

the expiration of limitations. *See Rincones*, 520 S.W.3d at 593–95. In *Rincones*, after the plaintiff failed a drug test, he tried to sue the drug testing administrator but sued an alleged "misidentified" party instead. *Id.* at 578. After the statute of limitations had run, the plaintiff amended his petition to add the administrator as a defendant. *Id.* The administrator then moved for summary judgment, arguing that the suit was time-barred. *Id*. at 578, 590–91. The plaintiff sought to avoid limitations by raising various equitable defenses, including equitable estoppel, misnomer, misidentification, and due diligence in suing the administrator. *Id*. at 593–95.

The Texas Supreme Court rejected that effort. In doing so, the court explained that there was "conclusive evidence [plaintiff] had knowledge about [the administrator] well before limitations ran," including from his own deposition, in which he referred to the administrator several times. *See id.* The plaintiff's "failure to name [the administrator] as a party before the statute of limitations expired [could] not be excused." *Id.* at 594.

That principle applies directly here. This record shows that Appellants knew about Zachry Inc. long before the limitations ran. Indeed, after the police officer's report from the accident in the record identified Zachry Inc. as the shuttle bus carrier, Appellants sued (and then nonsuited) Zachry Inc. multiple times during the limitations period. Not only did Appellants previously sue Zachry Inc. (concerning the same accident) before limitations expired, but those parties also engaged in

11

discovery. And as the record shows, *more than a year before* limitations expired, in its discovery responses in an earlier action, Zachry Inc. identified itself as the employer of the shuttle bus driver involved in the accident.

On this record, Appellants did not misidentify the wrong party for Zachry Inc. Instead, just as in *Rincones*, "conclusive evidence shows [Appellants] knew about [Zachry Inc.] well before limitations ran." *See id.* at 593–95.

Notably, Appellants do not even allege that they mistakenly sued the incorrect defendant instead of Zachry Inc. Appellants instead assert that they *omitted* Zachry Inc. from the underlying lawsuit by mistake.[9] *See Chilkewitz*, 22 S.W.3d at 830 (explaining that *Hilland* doctrine may apply and "limitations may be tolled when a plaintiff sues an incorrect entity").

Our sister court addressed an analogous issue and reached a similar conclusion in *Wilson v. City of Austin*, No. 03-18-00806-CV, 2019 WL 6336187 (Tex. App.—Austin Nov. 27, 2019, no pet.). There, after a car accident, the plaintiff timely sued the driver and the driver's employer—the City of Austin. But later, after limitations had expired, the plaintiff filed an amended petition that did not mention the City. *Id.* at *1. After noticing the "mistake," the plaintiff sought to amend her petition to

---

[9] Indeed, when Appellants filed their Second Amended Petition in 2022 and added Zachry Inc., they retained Zachry, LLC and the same defendants from the original and first amended petitions, without nonsuiting their claims against Zachry, LLC (or any defendant).

include the City as a defendant and explained that she mistakenly omitted the City from the previous petition. *Id.* at \*1–2. But she was too late. As the court explained: "[T]here [was] no misidentification," nor anything showing the plaintiff had "misnamed the City; rather, [plaintiff] omitted the City as a defendant. And not only did [plaintiff] omit the City as a defendant, she omitted all discussion and reference to the City." *Id.* at \*4 (cleaned up) (citing *Chilkewitz*, 22 S.W.3d at 828); *see also Johnson v. Coca-Cola Co.*, 727 S.W.2d 756, 758 (Tex. App.—Dallas 1987, writ ref'd n.r.e.) (similar).

So too here. For all the reasons explained, Appellants did not "misidentify their defendant," and the trial court did not err in granting summary judgment. *See Univ. of Tex. Health Sci. Ctr. at San Antonio v. Bailey*, 332 S.W.3d 395, 401 (Tex. 2011); *Rincones*, 520 S.W.3d at 593–95; *Wilson*, 2019 WL 6336187, at \*4; *see also Levinson Alcoser Associates, L.P. v. El Pistolon II, Ltd.*, 670 S.W.3d 622, 628 (Tex. 2023) ("Our Court has invoked equitable tolling sparingly, and, even then, we have emphasized its limited scope.").[10]

\*　　　　　\*　　　　　\*

---

[10] Because the *Hilland* doctrine does not apply here, we need not reach the other arguments raised by the Appellants. *See* TEX. R. APP. P. 47.1; *see, e.g.*, *Broadway v. Lean on 8, Inc.*, No. 03-21-00663-CV, 2022 WL 3691678, at \*4 n.5 (Tex. App.—Austin Aug. 26, 2022, no pet.).

We hold that Appellants' claims against Zachry Inc. are time-barred. The trial court did not err in granting Zachry Inc.'s motion for summary judgment.

## CONCLUSION

We affirm the trial court's judgment.


Jennifer Caughey
Justice

Panel consists of Justices Rivas-Molloy, Gunn, and Caughey.