Deborah **COOPER** and Earl **Cooper**, Appellants

v.

**D & D G.C. OF GILMER, INC.** and **D & D G.C. of Jacksonville, Inc.**, Appellees.

No. 12–04–00361–CV.

Court of Appeals of Texas, Tyler.

Feb. 15, 2006.

Jeffrey H. Marsh, Houston, for appellant.

Paul M. Boyd, Tyler, for appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and DeVASTO, J.

## OPINION

JAMES T. WORTHEN, Chief Justice.

Deborah Cooper and Earl Cooper appeal the trial court's order granting summary judgment in favor of D & D G.C. of Gilmer, Inc. ("Gilmer") and D & D G.C. of Jacksonville, Inc. ("Jacksonville"). The Coopers raise one issue on appeal.[1] We affirm.

### BACKGROUND

The Coopers filed suit against Golden Corral Corporation on July 21, 2003 alleging that on August 2, 2001, Deborah Cooper sustained injuries in a slip and fall incident in the women's restroom of the Golden Corral restaurant in Jacksonville,

---

1. We have construed the Coopers four arguments raised on appeal liberally in the interest of justice. For the sake of clarity, we will address these four arguments as a single issue.

Texas. Golden Corral filed its original answer on August 22, 2003.

On December 1, 2003, the Coopers filed their second amended petition, in which they added Gilmer as a defendant and named David C. Clausen as its registered agent. On March 3, 2004, the Coopers took Clausen's deposition. Through Clausen's deposition testimony, the Coopers discovered that the Golden Corral in Jacksonville where Deborah Cooper allegedly suffered injuries was then owned by Jacksonville. On April 12, 2004, the Coopers filed their fourth amended original petition, in which they added Jacksonville as a defendant.

On June 28, 2004, Gilmer and Jacksonville[2] filed a motion for summary judgment arguing that the Coopers' negligence claim was barred by the two year statute of limitations. In support of their motion for summary judgment, Gilmer and Jacksonville attached Clausen's[3] affidavit, in which he stated, in pertinent part, as follows:

> I was the owner of D & D G.C. of Jacksonville, the entity that operated the Jacksonville restaurant on August 2, 2001. This restaurant ceased operation on November 22, 2002. I did not have knowledge of the lawsuit against Golden Corral Corporation until sometime after August 2, 2003. By the time Plaintiff filed suit against D & D G.C. of Gilmer, Inc. in November of 2003, I had moved from my home in Gilmer, Texas to Lincoln, Nebraska. . . .

The Coopers filed a response and, in support thereof, attached excerpts of Clausen's deposition testimony. On October 25, 2004, the trial court granted summary judgment and dismissed the Cooper's claims with prejudice. This appeal followed.

### STANDARD OF REVIEW

To prevail on a traditional summary judgment motion, a movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Southwestern Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex.2002). We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Rhone–Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 223 (Tex.1999). We are not required to ascertain the credibility of affiants or to determine the weight of evidence in the affidavits, depositions, exhibits, and other summary judgment proof. *See Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 932 (1952). The only question is whether or not an issue of material fact is presented. *See* TEX.R. CIV. P. 166a(c).

■ A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense. *Velsicol Chemical Corp. v. Winograd,* 956 S.W.2d 529, 530 (Tex.1997). If the movant establishes that the statute of limitations bars the action, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *KPMG Peat Marwick v. Harrison Co. Housing Fin. Corp.,* 988 S.W.2d 746, 748 (Tex.1999).

### MISIDENTIFICATION

■ In their sole issue, the Coopers contend that the two year statute of limitations upon which the trial court based its

---

**2.** The Coopers had previously nonsuited Golden Corral.

**3.** The record reflects that Clausen was the owner and president of both Gilmer and Jacksonville.

summary judgment should have been tolled pursuant to the doctrine of misidentification. The primary purpose of a statute of limitations is to compel the exercise of a right within a reasonable time so that the opposite party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds. *Continental S. Lines v. Hilland,* 528 S.W.2d 828, 831 (Tex.1975). The statute of limitations for a personal injury suit, including negligence, is two years. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a) (Vernon Supp.2005). There is no dispute that the Coopers filed their second and fourth amended petitions naming Gilmer and Jacksonville as defendants more than two years after the date of the alleged injury. Therefore, the Coopers bore the burden of bringing forth summary judgment evidence raising a genuine issue of material fact regarding the application of some legal theory in avoidance of limitations. *Diamond v. Eighth Ave. 92, L.C.,* 105 S.W.3d 691, 695 (Tex.App.-Fort Worth 2003, no pet.) (citing *KPMG Peat Marwick,* 988 S.W.2d at 748).

Misidentification occurs when two separate legal entities with similar names actually exist, and the plaintiff sues the wrong entity by mistake. *See Diamond,* 105 S.W.3d at 695 (citing *Chilkewitz v. Hyson,* 22 S.W.3d 825, 828 (Tex.1999)). In misidentification cases, limitations may be tolled when a plaintiff sues an incorrect entity if (1) there are two separate but related entities that use a similar trade name, (2) the correct entity had notice of the suit, and (3) the correct entity was not misled or disadvantaged by the plaintiff's mistake. *See Chilkewitz,* 22 S.W.3d at 830. To toll limitations, the defendants must be shown to have had notice of the suit within the limitations period. *See Hilland,* 528 S.W.2d at 831 (indicating that there was no finding that defendant "was

actually notified and had a fair opportunity to defend itself before the period of limitations had run").

Once Gilmer and Jacksonville established conclusively by their summary judgment evidence that Clausen, as president and owner of Gilmer and Jacksonville, did not have knowledge of the Coopers' lawsuit against Golden Corral, the burden shifted to the Coopers to bring forth controverting summary judgment evidence. *See KPMG Peat Marwick,* 988 S.W.2d at 748. We have reviewed the summary judgment record and have found no evidence that raises a fact question as to whether Clausen, and thereby Gilmer and Jacksonville, knew of the Coopers' lawsuit until after August 2, 2001. *See Diamond,* 105 S.W.3d at 695; *see also Hilland,* 528 S.W.2d at 831.

Nonetheless, the Coopers allege that Golden Corral withheld information in its discovery. Yet, other than the excerpts of Clausen's deposition testimony, the Coopers failed to include any discovery or other evidence in the summary judgment record. *See* TEX.R. CIV. P. 166a(d). Furthermore, there is no indication in the portion of Clausen's deposition testimony in the record that any information was withheld or that Jacksonville had knowledge of the lawsuit at any time before the statute of limitations had run.

Additionally, the Coopers' reliance on *Hilland,* 528 S.W.2d at 830–31 and *Enserch Corporation v. Parker,* 794 S.W.2d 2 (Tex.1990) in support of their position is misplaced. In *Hilland,* the plaintiff, who allegedly suffered an injury while she was a passenger on a bus, filed suit against Continental Trailways, Inc. rather than Continental Southern Lines, Inc., the correct defendant. *Id.* at 829. The court determined that there was evidence in the record to show that (1) both entities used the same agent for service, (2) the process

may have actually been forwarded to the correct defendant, Continental Southern Lines, Inc., and (3) the driver of the bus had filled out an accident report for Continental Southern Lines, Inc. *Id.* at 830–31. Under such facts, and considering the logical inferences therefrom, the court concluded that there was a fact issue concerning whether Continental Southern Lines, Inc. had notice of the lawsuit prior to the time the statute of limitations had run. *Id.* at 831. Since here the only summary judgment evidence of record indicates that Clausen, and thereby Gilmer and Jacksonville, had no knowledge of Cooper's suit until after August 2, 2003, the instant case is distinguishable from *Hilland.*

*Parker* involved a wrongful death action stemming from a pipeline accident. Parker sued Lone Star Gas Company rather than Ensearch d/b/a Lone Star Gas Company. *See Parker,* 794 S.W.2d at 4. The record reflected that in-house counsel for Ensearch conducted all of the utility litigation for both Ensearch Corporation d/b/a Lone Star Gas Company and Lone Star Gas Company of Texas, Inc. *Id.* at 5. Moreover, Parker's petition correctly identified the proper defendant as Lone Star Gas Company although the style of the case incorrectly read "Lone Star Gas Company of Texas, Inc." *Id.* at 5–6. Further still, the evidence supported that Lone Star Gas Company of Texas had been named as a party defendant in other lawsuits where Ensearch Corporation d/b/a Lone Star Gas Company was the target defendant. *Id.* at 6. The court determined the evidence indicated that both Lone Star Gas Company of Texas, Inc. and Ensearch Corporation d/b/a Lone Star Gas Company were fully cognizant of the facts of the accident and could not have been misled as to the basis of the suit prior to the statute of limitations running. *Id.* at 6. Here, the summary judgment evidence conclusively supports that Clausen, Gilmer, and Jack-

sonville were unaware of the Coopers' suit until after August 2, 2003. There is no contradictory evidence in the summary judgment record. Thus, the instant case is distinguishable from *Parker.*

For the foregoing reasons, we hold that the trial court correctly granted summary judgment in favor of Gilmer and Jacksonville. The Coopers' sole issue is overruled.

### DISPOSITION

Having overruled the Coopers' sole issue, the trial court's judgment is ***affirmed.***