**Reverse and Render; Opinion Filed July 6, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01221-CV

## THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER, Appellant
### V.
## CHARLES WAYNE TAYLOR AND ROSEMARY TAYLOR, Appellees

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-08022-A**

## MEMORANDUM OPINION

Before Justices Bridges, Myers, and Schenck
Opinion by Justice Myers

The University of Texas Southwestern Medical Center (UTSW) appeals the trial court's

denial of its plea to the jurisdiction in the suit for medical malpractice brought by Charles Wayne

Taylor and Rosemary Taylor. UTSW contends the trial court erred by denying its plea to the

jurisdiction because appellants did not sue or serve it within the statute-of-limitations period. We

conclude the Taylors' claims are barred by the statute of limitations, which is a jurisdictional

defect. We reverse the trial court's judgment and render judgment dismissing the Taylors' claims

for want of jurisdiction.

### BACKGROUND

On April 21, 2014, Charles Taylor underwent bladder surgery at the Veterans

Administration North Texas Health Care System in Dallas. In their live pleading, the first amended

original petition, the Taylors alleged that the surgeons who performed the operation at the VA

hospital were employed by UTSW. During the operation, a surgical instrument broke apart, and a piece of it was not removed. Charles Taylor suffered many complications from the surgery.

The Taylors timely filed suit against UTSW in federal court, but four months later, the federal court dismissed the suit for want of jurisdiction. One month after that, the Taylors gave pre-suit notice of the claim to UTSW, which tolled limitations for seventy-five days, making the limitations period two years and seventy-five days. Two years and seventy-two days after the operation, the Taylors filed suit against "University of Texas Southwestern Medical Center/The University of Texas System." They served The University of Texas System's (UT System) General Counsel and Vice-Chancellor, and not the administrative head of UTSW. UT System filed an answer stating it was "improperly named and served" in the petition. UT System then filed a plea to the jurisdiction, stating it did not employ the doctors who were allegedly negligent.[1] Two months later, the Taylors amended their petition, naming UTSW as a defendant. Ten days later, they served UTSW by serving its president. By this time, it was two years, ten months, and eight days after the operation.

UTSW filed a plea to the jurisdiction and motion for summary judgment asserting the Taylors failed to meet a jurisdictional prerequisite to suit, namely, bringing suit against it within the limitations period. The trial court denied the plea to the jurisdiction and motion for summary judgment. UTSW brings an interlocutory appeal of that order. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2017).

## PLEA TO THE JURISDICTION

In its sole issue, UTSW contends the trial court erred by denying its plea to the jurisdiction and motion for summary judgment based on the statute of limitations. Whether a court has

---

[1] The trial court granted UT System's plea to the jurisdiction and dismissed the Taylors' claims against it. The Taylors do not appeal that order.

subject-matter jurisdiction is a question of law. *Tex. Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex. 2002). When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Miranda,* 133 S.W.3d at 226. If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *Id.* at 227. If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue must be resolved by the fact finder. *Id.* at 227–28. If the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, then the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228. "[T]his standard generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c)." *Id.* We review a trial court's ruling on a plea to the jurisdiction de novo. *Id.* at 226.

In Texas, sovereign or governmental immunity deprives a trial court of subject-matter jurisdiction over lawsuits against the State or other governmental units unless the government consents to suit. *Id.* at 224. The government's immunity from suit is not waived unless there has been compliance with all statutory prerequisites to suit. *See* TEX. GOV'T CODE ANN. § 311.034 (West 2013). Timely filing a lawsuit in compliance with a statute of limitations is a statutory prerequisite to suit. *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 515 (Tex. 2012). When the defendant is a governmental entity, complying with a statute of limitations is a jurisdictional prerequisite to suit. *See id.* If the Taylors did not comply with the statute of limitations, then the trial court lacked jurisdiction.

## STATUTE OF LIMITATIONS

UTSW's ground for the plea to the jurisdiction was that the Taylors did not file suit against it within the limitations period of two years and seventy-five days. This ground challenged the existence of a jurisdictional fact, whether the Taylors complied with the statute of limitations.

Section 16.003 of the Civil Practice & Remedies Code states, "a person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues." CIV. PRAC. § 16.003(a) (West 2017). Section 74.051 requires that a claimant bringing a health care liability claim provide written notice of the claim at least sixty days before filing suit. *Id.* § 74.051(a). If the claimant complies with this provision, then the notice "shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice, and this tolling shall apply to all parties and potential parties." *Id.* § 74.051(c).

In this case, Charles Taylor's injury occurred on April 24, 2014. He gave notice[2] of his injury on April 19, 2016 and filed suit on July 5, 2016. He gave notice of the suit before the two-year limitations period expired, and he filed suit more than sixty days after giving notice. Therefore, the limitations period was tolled for "75 days following the giving of the notice." Thus, limitations was tolled to July 8, 2016. The Taylors filed suit on July 5, 2016, which was within the extended limitations period.

Although the Taylors may have timely filed suit in state court, they sued the wrong party, UT System. The Taylors did not file suit against UTSW until February 22, 2017, more than six months after limitations had expired. Suing the wrong party does not toll the statute of limitations absent application of an equitable doctrine such as misnomer or misidentification. *Ensearch Corp.*

---

[2] The pre-suit notice of injury mentions Charles's injuries only. The notice does not mention Rosemary or her claim for damages for loss of consortium. UTSW asserts the notice does not give notice of Rosemary's claim and that she is not entitled to the 75 days' tolling of limitations provided by section 74.051(c). Because we conclude the Taylors' claims were untimely even with the 75 days' tolling, we need not determine whether the limitations period for Rosemary's claims was tolled under section 74.051(c).

–4–

*v. Parker*, 794 S.W.2d 2, 4–5 (Tex. 1990). The Taylors asserted both doctrines in their response to the plea to the jurisdiction.

Misnomer occurs when a plaintiff serves the correct defendant but misnames it. *Id.* at 4. If misnomer occurs, then the petition "is nonetheless effective, for limitations purposes, when filed, with any subsequent amendment relating back to the date of the original filing." *In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 326 (Tex. 2009). "Courts are flexible in these cases because the party intended to be sued has been served and put on notice that it is the intended defendant." *Id.*

The Taylors argue the doctrine of misnomer applies because they gave UTSW notice of the suit by filing suit against and serving UT System. The Taylors rely on chapter 65 of the Education Code in support of their argument. Under section 65.02, UT System is "composed of" many "institutions and entities," including UTSW. Tex. Educ. Code Ann. § 65.02(a)(7) (West Supp. 2017). Section 65.31 states that UT System's board of regents "is authorized and directed to govern, operate, support, and maintain each of the component institutions that are now or may hereafter be included in a part of The University of Texas System." *Id.* § 65.31(a) (West 2002). However, section 101.102 of the Civil Practice and Remedies Code sets out how a governmental unit is to be served, which is by service "on the administrative head of the governmental unit being served." Civ. Prac. § 101.102(c) (West 2011). Therefore, for the Taylors to have sued UTSW, they had to serve its administrative head. Service on UT System's vice chancellor and general counsel did not comply with section 101.102(c) and did not constitute service on UTSW. The fact that UT System is "composed of" many "institutions and entities" including UTSW does not make UT System and UTSW the same entity for purposes of service of process. Nothing in the statutes or in the record indicates that service on UT System constitutes service on UTSW. Nor does any evidence indicate that filing suit against UT System and serving its vice-chancellor and general

–5–

counsel gave UTSW notice of the suit. Because the Taylors did not sue UTSW before limitations ran, the doctrine of misnomer does not apply.

The Taylors also asserted in their response to the plea to the jurisdiction that the time between their filing suit against UT System and their suit against UTSW was tolled under the doctrine of misidentification. Generally, misidentification, that is, suing the wrong person or entity, does not toll the statute of limitations. *Maher v. Herrman*, 69 S.W.3d 332, 338 (Tex. App.— Fort Worth 2002, pet. denied). However, there is an exception: "The statute of limitations will be tolled in mis-identification cases if there are two separate, but related, entities that use a similar trade name and the correct entity had notice of the suit and was not misled or disadvantaged by the mistake." *Flour Bluff Indep. Sch. Dist. v. Bass*, 133 S.W.3d 272, 274 (Tex. 2004) (per curiam). In a case where the defendant has moved for summary judgment under rule 166a(c) and has asserted the statute of limitations, the plaintiff has the burden of proving the elements necessary to toll limitations under the misidentification doctrine. *Cooper v. D & D G.C. of Gilmer, Inc.*, 187 S.W.3d 717, 720 (Tex. App.—Tyler 2006, no pet.). As discussed above, the procedure for determining a plea to the jurisdiction "generally mirrors that of a summary judgment under" rule 166a(c). *Miranda*, 133 S.W.3d at 228. Therefore, the Taylors had the burden to raise a fact question of whether there were "two separate, but related, entities that use a similar trade name and the correct entity had notice of the suit and was not misled or disadvantaged by the mistake." *Flour Bluff ISD*, 133 S.W.3d at 274. The defendant must have received notice during the limitations period for limitations to be tolled. *Cooper*, 187 S.W.3d at 720 (citing *Continental S. Lines, Inc. v. Hilland*, 528 S.W.2d 828, 831 (Tex. 1975) (indicating there was no finding defendant "was actually notified and had a fair opportunity to defend itself before the period of limitations had run")).

We first consider whether UTSW and UT system are "two separate, but related, entities that use a similar trade name." *Flour Bluff ISD*, 133 S.W.3d at 274. In *Flour Bluff ISD*, the plaintiff, who was employed by the school district, sued the Texas Association of School Boards (TASB) for denying her workers compensation claim. *Id.* at 273. However, TASB was not the proper defendant, and the plaintiff should have sued the school district. After limitations expired, the plaintiff amended her petition to name the school district as a defendant. *Id.* The plaintiff argued limitations was tolled under the doctrine of misidentification. The supreme court set out the test for tolling, that there were "two separate, but related, entities that use a similar trade name and the correct entity had notice of the suit and was not misled or disadvantaged by the mistake." *Id.* at 274. The supreme court concluded the plaintiff did not meet this test because "TASB and Flour Bluff were two distinct parties that did not operate under a similar trade name." *Id.* Therefore, the plaintiff was required to sue the school district within the limitations period. *Id.* In this case, even if UTSW and UT System are related entities, their "trade names," University of Texas Southwestern Medical Center and University of Texas System, are not similar.

However, even if the names are similar, the Taylors did not raise a fact question on whether UTSW had notice of the suit before limitations ran and that UTSW was not misled or disadvantaged by the mistake of suing UT System. The Taylors bring several arguments for why UTSW had notice. First, they argue that UTSW had notice of their claims before they filed suit because they sent UTSW a written notice of a health care liability claim under section 74.051(a). This notice stated that Charles Taylor "asserts a health care liability claim against" UTSW. However, because it was sent before suit was filed, it did not provide "notice of the *suit*" (emphasis added) as required by *Flour Bluff ISD*.

The Taylors argue that UTSW had notice of the suit when it was filed against UT System because both entities were represented by the Texas Attorney General and by the same Assistant

Attorney General. They also argue that notice to UT System's general counsel was notice to UTSW because the website for UT System's Office of General Counsel stated, "The Office of General Counsel leads and serves our eight academic and six health institutions and UT System Administration to proactively manage legal affairs and solve legal problems to achieve UT System's overall educational mission." However, the fact that the Office of the Attorney General and the same assistant attorney general who represented UT System later represented UTSW does not mean UTSW had notice of the suit before limitations ran. The Taylors filed suit against UT System three days before limitations ran, and they did not present evidence that service was accomplished before limitations ran or that UT System's general counsel, the Office of the Attorney General, or the assistant attorney general received notice of the suit before limitations ran.[3]

Even if the other elements were met, the Taylors still had to present evidence that UTSW was not misled or disadvantaged by the misidentification to prevail on their defense to limitations. They presented no argument or evidence of these elements.

We conclude the Taylors did not present any viable basis for tolling the statute of limitations beyond two years and seventy-five days, and the record conclusively establishes the Taylors did not file suit against UTSW during that period. Therefore, the Taylors failed to comply with a prerequisite to suit, and the trial court erred by denying UTSW's plea to the jurisdiction. We sustain UTSW's issue on appeal.

---

[3] As noted above, the supreme court has stated the procedure for challenging jurisdictional facts "generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c)." *Miranda*, 133 S.W.3d at 228. In a summary judgment, the record considered is generally limited to the documents referenced in the motion and response. *See* TEX. R. CIV. P. 166a(c). The appellate record contains the return of service for UT System, but it was attached to the Taylors' response to UT System's plea to the jurisdiction. The return is not referenced or attached to UTSW's plea to the jurisdiction or to the Taylors' response. If the trial court could not consider the return of service, then the record for UTSW's plea to the jurisdiction contains no evidence of when UT System was served, and therefore no evidence of when UT System's general counsel, the Office of the Attorney General, or the assistant attorney general received notice of the suit. However, if the trial court and this Court could consider the return of service, then the record conclusively shows they did not have notice of the suit before limitations ran because the return of service shows the petition was served on July 11, 2016, three days after limitations ran.

**CONCLUSION**

We reverse the trial court's order denying the plea to the jurisdiction, and we render judgment dismissing the Taylors' claims against UTSW for want of jurisdiction.


/Lana Myers/
LANA MYERS
JUSTICE


171221F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

THE UNIVERSITY OF TEXAS
SOUTHWESTERN MEDICAL CENTER,
Appellant

No. 05-17-01221-CV     V.

CHARLES WAYNE TAYLOR AND
ROSEMARY TAYLOR, Appellees

On Appeal from the 14th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-16-08022.
Opinion delivered by Justice Myers.
Justices Bridges and Schenck participating.

In accordance with this Court's opinion of this date, we **REVERSE** trial court's order denying appellant THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER's plea to the jurisdiction, and we **RENDER** judgment that the claims of appellees CHARLES WAYNE TAYLOR and ROSEMARY TAYLOR against appellant THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER are **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellant THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER recover its costs of this appeal from appellees CHARLES WAYNE TAYLOR and ROSEMARY TAYLOR.

Judgment entered this 6th day of July, 2018.