**Affirmed and Opinion Filed May 5, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00294-CV**

**JALEN BELL AND CHESTER SMITH, Appellants**
**V.**
**XTC CABARET (DALLAS), INC., RCI HOSPITALITY HOLDINGS, INC.,**
**AND RCI HOLDINGS, INC., Appellees**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-06269**

## MEMORANDUM OPINION

Before Justices Myers, Carlyle, and Goldstein
Opinion by Justice Myers

Jalen Bell and Christopher Smith appeal the trial court's judgment dismissing with prejudice their claims against XTC Cabaret (Dallas), Inc., RCI Hospitality Holdings, Inc., and RCI Holdings, Inc. Appellants bring three issues contending the trial court erred by granting appellees' motion for summary judgment on limitations and that the trial court erred by dismissing appellants' claims with prejudice. We affirm the trial court's judgment.

# BACKGROUND

Appellants alleged that on May 5, 2018, they went to an XTC Cabaret gentlemen's club in Dallas. Appellants were involved in an altercation with other people at the club, and appellants were asked to leave. Appellants alleged that they were assaulted and injured by appellees' employees and security personnel.

On May 1, 2020, appellants brought suit against "XTC Cabaret Inc." and "John Does 1 – 5" alleging assault and battery and negligent hiring, supervision, and retention of employees. XTC Cabaret, Inc. was served on May 11, 2020, by service on its registered agent, Robert Axelrod.

On June 1, 2020, XTC Cabaret, Inc. filed its answer including verified denials to appellants' allegations (1) that it was liable to appellants in the capacity in which it was sued, (2) that it does business as "XTC Cabaret Dallas," (3) that it operates a gentleman's club at a particular address in Dallas, and (4) that it had any employees acting within the course and scope of their employment at the location where the alleged acts and omissions occurred.

On November 30, 2020, more than two years and six months after the incident, appellants filed an amended petition adding as defendants XTC Cabaret (Dallas), Inc., RCI Hospitality Holdings, Inc., and RCI Holdings, Inc., who are the appellees in this case. This petition also added a claim for intentional infliction of emotional distress. Appellees answered alleging the affirmative defense that appellants' claims were barred by the statute of limitations (as well as many other affirmative defenses).

–2–

Appellees moved for summary judgment contending appellants' suit was barred because appellants did not bring suit against them within two years after the claims accrued. Appellants responded, asserting their failure to timely sue appellees was due to a misnomer or misidentification that did not prejudice appellees and that the amended petition related back to the timely filed original petition. The trial court granted appellees' motion for summary judgment and ordered that appellants take nothing by their claims and that appellees "be dismissed with prejudice from this suit." The trial court then ordered appellants' claims against appellees severed from the rest of the proceedings.

## SUMMARY JUDGMENT

Appellants' first and second issues contend the trial court erred by granting appellees' motion for summary judgment on the affirmative defense of limitations.

### Standard of Review

The standard for reviewing a traditional summary judgment is well established. *McAfee, Inc. v. Agilysys, Inc.*, 316 S.W.3d 820, 825 (Tex. App.—Dallas 2010, no pet.). The movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). In deciding whether a disputed material fact issue exists precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *In re Estate of Berry*, 280 S.W.3d 478, 480 (Tex. App.—Dallas 2009, no pet.). Every reasonable inference must be indulged in favor of the nonmovant and any doubts

resolved in its favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp.*, 12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied).

## Statute of Limitations

"A person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). In this case, it is undisputed that appellants' causes of action accrued on the day of the incident, May 5, 2018. Although appellants filed suit against XTC Cabaret, Inc.[1] on May 1, 2020, four days before limitations expired, they did not file suit against any of the appellees until November 30, 2020, more than six months after the two-year limitations period expired.

A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense. *Velsicol Chem. Corp. v. Winograd*, 956 S.W.2d 529, 530 (Tex. 1997). If the movant establishes that the statute of limitations bars the action, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *KPMG Peat Marwick v. Harrison Co. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999).

---

[1] XTC Cabaret, Inc. was not a party to the motion for summary judgment and is not before this Court in this appeal.

In this case, appellees met their summary judgment burden by presenting uncontroverted evidence that appellants first filed suit against them more than two years after the causes of action accrued. To overcome the motion for summary judgment, appellants must have presented some evidence raising a fact issue in avoidance of limitations. Appellants argue that the amended petition "related back" to the original petition under a statutory provision and under the doctrines of misnomer and misidentification.[2]

Appellants argue the relation-back doctrine of section 16.068 of the Texas Civil Practice and Remedies Code applies. Section 16.068 provides:

> If a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

CIV. PRAC. § 16.068. Appellants argue that under section 16.068, their amended petition is not subject to the defense of limitations because the original petition was filed before limitations expired and the amended petition changes the grounds of liability by asserting a new cause of action. However, section 16.068 does not apply to adding new parties. *See Alexander v. Turtur & Assocs., Inc.*, 146 S.W.3d 113, 121 (Tex. 2004) ("Ordinarily, an amended pleading adding a new party does not

---

[2] Appellants did not assert in the trial court and do not argue on appeal that the Supreme Court of Texas's Emergency Orders Regarding the COVID-19 State of Disaster affected the running of the statute of limitations. Accordingly, we do not consider whether those orders may have extended the limitations period in this case.

relate back to the original pleading."); *Chavez v. Andersen*, 525 S.W.3d 382, 387 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("Unless an exception applies, an amended pleading adding a new party does not relate back to the original pleading."). We conclude the relation-back doctrine under section 16.068 does not apply to appellants' amended petition adding appellees as defendants.

Appellants also argued that under the doctrine of misnomer, the first amended petition related back to the original petition. Misnomer occurs when a plaintiff serves the correct defendant but misnames it. *Ensearch Corp. v. Parker*, 794 S.W.2d 2, 4. (Tex. 1990). If misnomer occurs, then the petition "is nonetheless effective, for limitations purposes, when filed, with any subsequent amendment relating back to the date of the original filing." *In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 326 (Tex. 2009). "Courts are flexible in these cases because the party intended to be sued has been served and put on notice that it is the intended defendant." *Id.*

Appellants argue the doctrine of misnomer applies because they served the correct defendant, XTC Cabaret (Dallas), Inc., but misnamed it as XTC Cabaret, Inc. XTC Cabaret, Inc., is a real existing corporation, and appellants served it by serving its registered agent. Appellants presented Franchise Tax Account Status reports for XTC Cabaret, Inc., XTC Cabaret (Dallas), Inc., and the two RCI corporations. These reports showed that all four corporations had the same registered agent, Robert Axelrod, and the same mailing address. Appellants also presented evidence that all

–6–

four corporations were represented by the same attorneys in this litigation. However, appellants presented no evidence that appellees were the parties sued in the original petition but were misnamed.[3] Appellants state in their brief, "The nightclub and the correctly named Defendant and its attorneys always had notice of the claims being brought against them and were aware of who Appellants were attempting to sue," but appellants did not cite or present any evidence in the record supporting these statements. The fact that businesses have the same registered agent and the same attorneys is not evidence that they were aware of whom appellants intended to sue. We conclude appellants have not shown that the doctrine of misnomer applies.

Rather than misnomer, this case is one of misidentification:

> "A misnomer differs from a misidentification." *In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (per curiam) (citing *Enserch Corp. v. Parker*, 794 S.W.2d 2, 4 (Tex. 1990)). "Misidentification—the consequences of which are generally harsh—arises when two separate legal entities exist and a plaintiff mistakenly sues an entity with a name similar to that of the correct entity." *Id.* (citing *Chilkewitz v. Hyson*, 22 S.W.3d 825, 828 (Tex. 1999)). If a "plaintiff is mistaken as to which of two defendants is the correct one and there is actually existing a corporation with the name of the erroneously named defendant (misidentification), then the plaintiff has sued the wrong party and limitations is not tolled." *Enserch*, 794 S.W.2d at 5.

*Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 594 (Tex. 2017). There is an exception under which limitations is tolled: "The statute of limitations will be tolled in misidentification cases if there are two separate, but related, entities that use a

---

[3] Appellants state in their reply brief, "The naming of the incorrect defendant was done by mistake." But they did not cite or present any evidence that it was "done by mistake."

similar trade name and the correct entity had notice of the suit and was not misled or disadvantaged by the mistake." *Flour Bluff Indep. Sch. Dist. v. Bass*, 133 S.W.3d 272, 274 (Tex. 2004) (per curiam). The defendant must have received notice during the limitations period for limitations to be tolled. *Univ. of Tex. Sw. Med. Ctr. v. Taylor*, No. 05-17-01221-CV, 2018 WL 3322939, at *3 (Tex. App.—Dallas July 6, 2018, pet. denied) (mem. op.); *Cooper v. D & D G.C. of Gilmer, Inc.*, 187 S.W.3d 717, 720 (Tex. App.—Tyler 2006, no pet.). Appellants did not assert this exception to the doctrine of misnomer in the trial court. We cannot address appellants' argument on appeal because it was not raised below in response to the motion for summary judgment. *See* TEX. R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."); *Affordable Motor Co., Inc. v. LNA, LLC*, 351 S.W.3d 515, 522 (Tex. App.—Dallas 2011, pet. denied); *see also McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993) ("issues a non-movant contends avoid the movant's entitlement to summary judgment must be expressly presented by written answer to the motion or by other written response to the motion").[4]

---

[4] Even if appellants had preserved for appellate review the issue of the exception to non-tolling of limitations following misidentification of a defendant, appellants' arguments on appeal lack merit. Although appellants presented evidence that XTC Cabaret (Dallas), Inc. owned the XTC Cabaret club in Dallas, appellants presented no evidence that XTC Cabaret, Inc. and appellees are related entities or that XTC Cabaret, Inc. and the two RCI corporations used any trade names. Nor did appellants present evidence that appellees "were not misled or disadvantaged" by the mistake." *See Flour Bluff ISD*, 133 S.W.3d at 274. Because the original petition was not served until after limitations had expired, neither XTC Cabaret,

Appellants state in their brief that there is no evidence to establish that the corporations had different officers, agents, or employees. However, it was appellants' burden to bring forward evidence that appellees were not misled or disadvantaged by appellants initially suing the wrong entity. Even if we assumed appellees would not have been misled or disadvantaged if they shared the same officers, agents, and employees with one another and XTC Cabaret, Inc., appellants presented no evidence that was the case.

Appellants assert, "appellees never introduced summary judgment evidence or otherwise cited evidence seeming to demonstrate that XTC Cabaret, Inc. and XTC Cabaret (Dallas), Inc. were not related or did not operate for the same nightclub located in Dallas." However, appellees' only burden was to present evidence that they were not sued during the limitations period, which they proved. The burden then switched to appellants to present evidence of a defense to limitations. Appellees had no burden to present evidence that the two corporations did not operate the same nightclub.

Appellants state in their reply brief, "Appellees appear to mislead the Court by seeming to suggest that XTC Cabaret, Inc. and XTC Cabaret (Dallas), Inc. are different although in reality both parties function on behalf of this one particular

---

Inc. nor any of the appellees had notice of the suit during the limitations period. *See Taylor*, 2018 3322939, at *3; *Cooper*, 187 S.W.3d at 720.

Dallas nightclub."  Appellants presented evidence that appellee XTC Cabaret (Dallas), Inc. is the owner of the club where appellants were allegedly injured, but they presented no evidence that XTC Cabaret, Inc. "functions on behalf of this one particular nightclub."

Appellants assert we should reverse the summary judgment pursuant to *Continental Southern Lines, Inc. v. Hilland*, 528 S.W.2d 828 (Tex. 1975).  In that case, Continental Southern Lines was one of many bus companies operating under the trade name "Continental Trailways." *Id.* at 829.  Hilland purchased a ticket and rode on a "Continental Trailways" bus operated by Continental Southern Lines, and she was injured as she was getting off the bus.  Hilland sued "Continental Trailways, Inc.," which was a real corporation, and not Continental Southern Lines, Inc.  After limitations expired, Hilland sued Continental Southern Lines.  The trial court overruled Continental Southern Lines's plea of limitations, and after a jury trial, rendered judgment in favor of Hilland for $7,800.  The court of appeals affirmed.  The supreme court, however, "reverse[d] on the limitations question" but remanded the case for a new trial "in the interest of justice." *Id.*  The supreme court remanded in the interest of justice because there was an indication that service of citation might have been forwarded to Continental Southern Lines, and because the bus driver had prepared an accident report for Continental Southern Lines about Hilland's accident. *Id.* at 830–31.  "From the above it might be inferred that its people became alerted and that its investigative people had prompt notice of the accident." *Id.* at 831.  In

–10–

this case, there is no evidence that the service of citation was promptly forwarded to appellees after service on XTC Cabaret, Inc. Moreover, although not described by the supreme court in terms of "misnomer" or "misidentification," *Hilland* appears to involve misidentification, not misnomer, because Hilland sued the wrong existing company, Continental Trailways, Inc., and not the right defendant using the wrong name. *See id.* at 830 ("The suit was not brought against an entity in its assumed or trade name, 'Continental Trailways.' It was brought against a Texas corporation, Continental Trailways, Inc., upon which service was had. Service was not had upon Continental Southern Lines, Inc."). As discussed above, appellants did not raise misidentification in their response to the motion for summary judgment.

Appellants assert in their reply brief, "This is not a case dealing with identification of a wrong party or wrong individual. Appellants correct[ly] identified the party they intended to sue, which was the nightclub, although they sued the wrong trade name." This argument appears to be an assertion that appellants brought suit under Rule 28, which provides that a "private corporation" "may sue or be sued in its partnership, assumed or common name . . . ." *See* TEX. R. CIV. P. 28. Appellants did not present this argument for avoidance of limitations in their response to the motion for summary judgment; therefore, the argument is not preserved for appellate review. TEX. R. CIV. P. 166a(c); *McConnell*, 858 S.W.2d at 341; *Affordable Motor Co*, 351 S.W.3d at 522. However, even if it were preserved, the argument lacks merit. Appellants presented no evidence that appellees'

–11–

"partnership, assumed or common name" was "XTC Cabaret, Inc." Appellants do not specifically identify appellees' assumed or trade name. But, when they refer to the club (as opposed to the business entity or entities that might own or operate the club) they call it "XTC Cabaret." In *Hilland*, the supreme court concluded that Hilland's suit against "Continental Trailways, Inc." was not a suit in Continental Southern Lines, Inc.'s assumed or trade name, which was "Continental Trailways." *See Hilland*, 528 S.W.2d at 830. Just as Hilland's suit against "Continental Trailways, Inc." was not a suit in the assumed or trade name "Continental Trailways," so also is appellants' suit against "XTC Cabaret, Inc." not a suit in the assumed or trade name "XTC Cabaret." No evidence shows appellants did not intend to sue XTC Cabaret, Inc., nor does any evidence show that they actually filed suit against XTC Cabaret (Dallas), Inc. but misnamed it.

We conclude the trial court did not err by granting appellees' motion for summary judgment. We overrule appellants' first and second issues.

**Dismissal with Prejudice**

In their third issue, appellants ask, "Did the trial court abuse its discretion in dismissing Appellants' case 'with prejudice?'" "[I]t is well established that a dismissal with prejudice functions as a final determination on the merits." *Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex. 1991) (per curiam). A dismissal of a case barred by a statute of limitations involves the final disposition of a case. *Tex. Underground, Inc. v. Tex. Workforce Comm'n*, 335 S.W.3d 670, 675 (Tex. App.—

–12–

Dallas 2011, no pet.). Therefore, dismissal with prejudice was appropriate. *See Harrell v. Brinson*, No. 01-18-00031-CV, 2019 WL 1284926, at *5 (Tex. App.—Houston [1st Dist.] Mar. 21, 2019, pet. denied) ("The trial court did not err in dismissing Harrell's claims with prejudice because the failure to establish an arguable basis in law for asserting a counter-defense to an already successfully adjudicated limitations defense cannot be remedied through pleading amendment"). We overrule appellants' third issue.

## CONCLUSION

We affirm the trial court's judgment.

/Lana Myers//

210294f.p05

LANA MYERS
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JALEN BELL AND CHESTER
SMITH, Appellants

No. 05-21-00294-CV     V.

XTC CABARET (DALLAS), INC.;
RCI HOSPITALITY HOLDINGS,
INC.; and RCI HOLDINGS, INC.,
Appellees

On Appeal from the 162nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-06269.
Opinion delivered by Justice Myers.
Justices Carlyle and Goldstein
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees XTC CABARET (DALLAS), INC.; RCI HOSPITALITY HOLDINGS, INC.; and RCI HOLDINGS, INC. recover their costs of this appeal from appellants JALEN BELL AND CHESTER SMITH.

Judgment entered this 5th day of May, 2022.