

# NUMBER 13-21-00390-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

ADRIANA GARCIA,                                                   **Appellant,**

**v.**

BAZAN ENTERPRISES, INC.
D/B/A TACO OLE RESTAURANT,                      **Appellee.**

---

### On appeal from the County Court at Law No. 6
### of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina**
**Memorandum Opinion by Chief Justice Contreras**

By two issues, appellant Adriana Garcia appeals the trial court's order granting appellee Bazan Enterprises, Inc. d/b/a Taco Ole Restaurant (Taco Ole)'s motion for summary judgment. We affirm.

## I. BACKGROUND

Garcia was a Taco Ole employee on June 27, 2017, when she allegedly suffered injuries to her left hand and arm while operating "a machine . . . that was unsafe and unfit for use by [Taco Ole's] employees." On June 13, 2019, Garcia sued "Taco Ole Restaurant located at 2316 Conway Rd. Mission[,] Texas 78574," alleging claims of premises liability and negligence. Garcia hired a process server to serve one of Taco Ole's registered agents, Elias Bazan Jr.[1] On June 26, 2019, the process server effected service on Elias Bazan III at a Taco Ole restaurant located at 2620 West Freddy Gonzalez Drive in Edinburg, Texas.

Garcia filed a motion for default judgment on February 21, 2020, noting that Taco Ole had failed to file an answer. On May 20, 2020, Taco Ole filed a motion to quash service of process, arguing that service upon Elias Bazan III was improper, as he "is not the registered agent, president, vice president[,] nor any other officer of Bazan Enterprises, Inc." *See* TEX. BUS. ORGS. CODE ANN. § 5.255 (listing corporate agents for service of process). Taco Ole presented documentation from the Secretary of State's office that, in fact, Elias Bazan III—Elias Bazan Jr.'s son—is the registered agent for a separate business entity called Bazan Enterprises of Edinburg, Inc. d/b/a Taco Ole of Edinburg (Taco Ole Edinburg). On June 18, 2020, the trial court granted Taco Ole's motion to quash service, and instead deemed that Taco Ole was served as of that date.[2]

---

[1] The record reflects that Maria Delia Bazan is also listed as a registered agent of Taco Ole.

[2] On June 20, 2020, Garcia attempted service on Taco Ole again, even though the trial court deemed that process had been served as of June 18. Once again, the process server executed service at Taco Ole Edinburg and, although correctly named in the service return form, upon the wrong Elias Bazan. We note, as the parties do, that service on Elias Bazan Jr. would have been impossible, as he died on

2

On June 23, 2020, Taco Ole filed its motion for summary judgment, arguing that Garcia failed to effect service of process within the two-year statute of limitations for personal injury cases. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003. In her response, Garcia argued that she diligently attempted to serve Taco Ole, so the date of service should relate back to the date she filed suit. As evidence of her diligent efforts, Garcia attached the two service return forms indicating service upon Elias Bazan III at Taco Ole Edinburg.

On October 7, 2020, the trial court signed a partial summary judgment order, ruling that Garcia's negligence and premises liability claims against Taco Ole were barred by limitations. On September 23, 2020, Garcia filed her second amended original petition adding claims for breach of contract and breach of warranties. Those claims, not at issue in this appeal, were dismissed by the trial court's second summary judgment order on October 4, 2021. Garcia filed a motion for new trial on October 29, 2021, arguing that the two-year limitations period should have been equitably tolled under the doctrines of misnomer and misidentification. The trial court did not rule on the motion for new trial. This appeal followed.

## II.    DISCUSSION

By two issues, Garcia argues the trial court's summary judgment should be reversed because: (1) she sued Taco Ole under its assumed name and provided Taco Ole with actual notice of her suit; and (2) she "worked diligently to obtain service" on Taco Ole. We address the two issues in reverse order.

---

November 8, 2018—seven months before Garcia filed suit.

3

## A. Standard of Review & Applicable Law

We review a trial court's order granting summary judgment de novo. *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021). We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Bush v. Lone Oak Club, LLC*, 601 S.W.3d 639, 646 (Tex. 2020). To be entitled to traditional summary judgment, a movant must establish there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 130 (Tex. 2018). A defendant who conclusively establishes an affirmative defense is entitled to summary judgment on that claim. *Eagle Oil & Gas Co.*, 619 S.W.3d at 705 (citing *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010)).

Personal injury claims are subject to a two-year limitations period. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) ("[A] person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues."). To timely "bring suit," a plaintiff must not only file suit within the limitations period, but must also work diligently to serve the defendant with process. *See Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990). When a suit is timely filed, but the defendant is not served until after the limitations period expires, the date of service relates back to the date of filing only if the plaintiff exercised diligence in effecting service. *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) (per curiam). "In a summary judgment proceeding, once the defendant proves that service occurred after limitations expired, the burden shifts to the plaintiff to explain the delay and to raise a fact question regarding diligence of service."

4

*Flanigan v. Nekkalapu*, 613 S.W.3d 361, 364 (Tex. App.—Fort Worth 2020, no pet.).

"In assessing diligence, the relevant inquiry is whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Proulx*, 235 S.W.3d at 216. Diligence in effecting service of process is generally a question of fact and determined "by examining the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service." *Id.* However, diligence may be determined as a matter of law when "one or more lapses between service efforts are unexplained or patently unreasonable." *Id.*; *see Roberts v. Padre Island Brewing Co.*, 28 S.W.3d 618, 621 (Tex. App.—Corpus Christi–Edinburg 2000, pet. denied) ("[A] lack of diligence exists as a matter of law because it is clear that appellant did not exhaust all of the alternatives available to achieve proper service."); *Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47, 49 (Tex. App.—San Antonio 1999, pet. denied) ("A lack of diligence will be found as a matter of law . . . if no valid excuse for lack of service is offered, or if the lapse of time and the plaintiff's acts, or inaction, conclusively negate diligence.").

"It is the responsibility of the one requesting service, not the process server, to see that service is properly accomplished." *Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 153 (Tex. 1994); *see Gonzalez v. Phoenix Frozen Foods, Inc.*, 884 S.W.2d 587, 590 (Tex. App.—Corpus Christi–Edinburg 1994, no writ) ("Any deficiency in the server's performance is imputed to [the plaintiff]."); *see also* Tex. R. Civ. P. 99(a) ("The party requesting citation shall be responsible for obtaining service of the citation and a copy of the petition."). Accordingly, "reliance on the process server does not constitute due

diligence in attempting service of process." *Roberts*, 28 S.W.3d at 621; *see Flanigan*, 613 S.W.3d at 365.

**B.     Diligence**

By her second issue, Garcia argues that she "exercised diligence in attempting to effectuate service upon [Taco Ole,]" so the date of service should relate back to the date she filed suit.

Taco Ole pleaded the affirmative defense of limitations, noting the following sequence of events: (1) Garcia was allegedly injured on June 27, 2017; (2) Garcia timely filed suit on June 13, 2019; (3) the two-year limitations period expired on June 27, 2019; and (4) Taco Ole was not served with process until June 18, 2020. Taco Ole's evidence proved untimely service, and thus the burden shifted to Garcia to prove diligence in the 371 days between filing suit against and effecting service of process on Taco Ole. *See Eagle Oil & Gas Co.*, 619 S.W.3d at 705; *Flanigan*, 613 S.W.3d at 364. Garcia did not meet her burden.

In her response to Taco Ole's motion for summary judgment, Garcia argued that she "presented evidence showing diligence on [her] part in effecting service on [Taco Ole]." Such evidence consisted only of the return of service forms indicating that her process server effected service on Elias Bazan III at Taco Ole Edinburg. Garcia seems to have been under the continued misunderstanding that she served the correct party with process. Indeed, on appeal, Garcia again states that she "did not mistake who [she] was supposed to serve." But as noted, Taco Ole submitted documentation from the Secretary of State's office showing that Taco Ole and Taco Ole Edinburg are two separate

6

business entities with different registered agents. Elias Bazan Jr. was a registered agent of Taco Ole, but Elias Bazan III is not.

Evidently, Garcia believed that her process server properly effected service on Taco Ole on the final day of the limitations period, and she then waited over eight months and filed a motion for default judgment when Taco Ole failed to respond to her suit. In fact, the process server failed to serve any corporate representative or registered agent of Taco Ole. This Court has held that reliance on a process server to effect proper service does not, as a matter of law, constitute diligence, as the deficiency in a process server's performance is imputed to the plaintiff. *Roberts*, 28 S.W.3d at 621; *Gonzalez*, 884 S.W.2d at 590; *see also Flanigan*, 613 S.W.3d at 365. Here, the return of service forms clearly indicated that only Elias Bazan III was served, not Elias Bazan Jr. Accordingly, Garcia's summary judgment evidence does not establish that she exercised due diligence. *See Roberts*, 28 S.W.3d at 621; *Rodriguez*, 13 S.W.3d at 49.

While Taco Ole and Taco Ole Edinburg have similar trade names and have registered agents with nearly identical personal names, the relevant return service form clearly indicates that process was served at Taco Ole Edinburg, not Taco Ole, and on an individual with a different name suffix. An "ordinarily prudent person" in this case should have recognized the error—if not immediately, at the very least when the purportedly served Taco Ole had not responded for over eight months by the time Garcia filed her motion for default judgment, which was seven months since its response was due. *See Gonzalez*, 884 S.W.2d at 590 ("Had [appellants and their attorney] been diligent, [t]he[y] would have noticed that appellees had not filed an answer for over fourteen months after

7

[t]he[y] filed the amended petition.").

Since Garcia cannot rely on her process server's error to demonstrate diligence, she must otherwise explain a delay of over one year between filing suit and effecting service on Taco Ole. Garcia claims that Taco Ole's "fail[ure] to abide by applicable Texas Law governing corporations maintaining registered agents, and seeming gamesmanship in having Elias Bazan[] III accept service" on Taco Ole's behalf led her to "labor[] under the belief that the correct person had been served until [she] received [Taco Ole]'s Motion to Quash Service." In the first place, these arguments were never raised in the trial court, so they are waived on appeal. *See* TEX. R. APP. P. 33.1; TEX. R. CIV. P. 99(a). In any case, there is no evidence in the record, and Garcia has not cited legal authority, to support these claims. *See* TEX. R. APP. P. 38.1. Even so, while Elias Bazan Jr. passed away before Garcia filed suit, Taco Ole's other registered agent on file with the Secretary of State's office was Maria Delia Bazan, whom Garcia could have found and served by exercising due diligence. *See Roberts*, 28 S.W.3d at 621–22 (holding that appellant failed to exercise diligence because, *inter alia*, "appellee is an incorporated entity whose agent for service of process is registered with the Secretary of State's office[, and thus, a]ppellant could have obtained the name of appellee's registered agent by contacting the Secretary of State's office and effected service upon appellee's registered agent"). We thus find no merit to Garcia's contentions. *See Proulx*, 235 S.W.3d at 216.

Garcia untimely served Taco Ole with process and was, therefore, required to prove diligence in effecting service. As a matter of law, Garcia has failed to meet that burden. *See id.*; *Flanigan*, 613 S.W.3d at 365; *Roberts*, 28 S.W.3d at 621. We overrule

8

Garcia's second issue.

## C. Equitable Doctrines

By her first issue, Garcia argues that her suit was timely as "she sued Taco Ole under its assumed name and provided Taco Ole with actual notice of her suit." We construe this as an argument raising the equitable doctrines of misnomer and misidentification. While explicitly raised only on appeal and in her motion for new trial, Garcia interspersed in her various pleadings and responses arguments and authorities related to the two doctrines, so we address them here. *See* TEX. R. CIV. P. 166a(c).

The doctrines of misnomer and misidentification are distinct. *See In re Greater Hous. Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (per curiam) (citing *Enserch Corp. v. Parker*, 794 S.W.2d 2, 4 (Tex. 1990)). Misnomer occurs when a plaintiff serves the correct defendant but misnames it. *Id.* A petition reflecting a misnomer is nonetheless effective, for limitations purposes, when filed. *Id.* "Courts are flexible in [misnomer] cases because the party intended to be sued has been served and put on notice that it is the intended defendant." *Id.* This case is not a misnomer case, as Garcia named the correct party in her petition but served the incorrect party with process. Thus, the limitations period could not have been tolled on a theory of misnomer. *See id.*

A misidentification occurs "when two separate legal entities exist and a plaintiff mistakenly sues an entity with a name similar to that of the correct entity." *Id.* (citing *Chilkewitz v. Hyson*, 22 S.W.3d 825, 828 (Tex. 1999)). The consequences of a misidentification "are generally harsh"—the limitations period will not be tolled. *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 594 (Tex. 2017) (quoting *In re Greater Hous.*

9

*Orthopaedic Specialists, Inc.*, 295 S.W.3d at 325)). There is one exception under which limitations may be tolled in a misidentification case. *See Flour Bluff Indep. Sch. Dist. v. Bass*, 133 S.W.3d 272, 274 (Tex. 2004). "The statute of limitations will be tolled in misidentification cases if there are two separate, but related, entities that use a similar trade name and the correct entity had notice of the suit and was not misled or disadvantaged by the mistake." *Id.* (citing *Chilkewitz*, 22 S.W.3d at 830). For the exception to apply, "the defendants must be shown to have had notice of the suit within the limitations period." *Cooper v. D & D G.C. of Gilmer, Inc.*, 187 S.W.3d 717, 720 (Tex. App.—Tyler 2006, no pet.) (citing *Cont'l S. Lines, Inc. v. Hilland*, 528 S.W.2d 828, 831 (Tex. 1975)). It is Garcia's burden to prove the required elements to toll the limitations period under a theory of misidentification. *See id.* (citing *Diamond v. Eighth Ave. 92, L.C.*, 105 S.W.3d 691, 695 (Tex. App.—Fort Worth 2003, no pet.)).

In this case, Taco Ole and Taco Ole Edinburg use similar trade names. But Garcia has failed to provide any evidence that Taco Ole: (1) had notice of the suit within the limitations period; (2) was an entity "related to" Taco Ole Edinburg; and (3) was not disadvantaged by her failure to timely effect service of process. *See Bass*, 133 S.W.3d at 274; *Chilkewitz*, 22 S.W.3d at 830. Indeed, Garcia only attempts to provide evidence as to the notice element, and she does so on two grounds. First, Garcia states that Taco Ole must have had actual notice of her suit because it filed a motion to quash service of process. Even assuming that fact constituted sufficient evidence of notice, it would only prove that Taco Ole had notice as of the filing of its motion on May 20, 2020—almost eleven months after the limitations period expired. *See Cooper*, 187 S.W.3d at 720.

10

Second, Garcia cites Rule 28 of the Texas Rules of Civil Procedure, which notes in relevant part that a "partnership, unincorporated association, private corporation, or individual doing business under an assumed name may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right." TEX. R. CIV. P. 28. Garcia argues that Taco Ole "was 'served' when it received actual notice of the suit by way of formal service on Elias Bazan[] III prior to the expiration of the applicable two-year statute of limitations." However, nothing in the statute allows for suit against an entity in its assumed name by simply serving the registered agent for a separate, but similarly named, entity. And, once again, Garcia has provided no evidence that service upon Elias Bazan III at Taco Ole Edinburg provided actual notice to Taco Ole.

Accordingly, because Garcia has provided no evidence that Taco Ole had actual notice of her lawsuit within the limitations period, she has not met her burden to successfully toll the limitations period under the misidentification doctrine. *See Bass*, 133 S.W.3d at 274; *Chilkewitz*, 22 S.W.3d at 830; *Hilland*, 528 S.W.2d at 831; *Cooper*, 187 S.W.3d at 720.

We thus overrule Garcia's first issue.

### III. CONCLUSION

We affirm the trial court's order.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
4th day of August, 2022.

11